No. 28,042.

A. M. BILLINGS, *Appellee*, v. UNITED POWER AND LIGHT CORPORATION, *Appellant*.

(263 Pac. 779.)

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Award — Deduction for Treatment and Care of Employee*. An employer is not entitled to credit on an award of compensation for any sum expended in treatment and care of the injured employee in excess of the statutory allowance of $150.

2. SAME—*Award — Permanent Partial Disability Following Temporary Total Disability*. Compensation other than schedule compensation for permanent partial disability following a period of temporary total disability is limited to the portion of the eight-year period remaining after the total disability ceased.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed February 11, 1928. Reversed.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellant; *C. E. Rugh,* of Abilene, and *T. F. Doran,* of Topeka, of counsel.

*J. N. Tincher, Don Shaffer, Rubert G. Martin* and *Mabel Jones Shaffer,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from a judgment confirming an arbitrator's award of compensation, stated as follows:

"First: Total temporary disability from the date of the accident until December 16, 1926, being 68 weeks, for which he is entitled to compensation at the rate of $15 per week, amounting to the sum of $1,005.

"Second: Total permanent loss of the use of his right hand, for which he is entitled to compensation at the rate of $12 per week for 150 weeks, amounting to the sum of $1,800.

"Third: Permanent injuries other than and in addition to the permanent loss of the use of his right hand causing partial disability in addition to the disability from the loss of the use of his right hand, for which he is entitled to compensation at the rate of $8 per week for 416 weeks, amounting to the sum of $3,328.

"Fourth: Compensation or allowance for medical and hospital bills, $150."

The allowance for medical and hospital bills is a sum fixed by statute, the sum had been paid by the employer, and the payment was credited on the award. In addition to the statutory sum, the

Workmen's Compensation Acts, C. J. pp. 94 n. 89, 103 n. 14; L. R. A. 1916A 257; 28 R. C. L. 820.

Billings v. United Power & Light Corp.

employer expended $1,295.99 for medical and hospital bills incurred in treating the workman's injuries. The arbitrator found the services rendered were needed and were proper, and the charges were reasonable, but refused to deduct the amount from the award. The district court sustained the award, and the employer contends it should have been given credit for the expenditure in excess of the statutory allowance.

The statute reads as follows:

"If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his employer shall, subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with this act." (R. S. 44-501.)

The section relating to amount of compensation begins with the following provision:

"The amount of compensation under this act shall be:

"1. *Treatment and care of injured employees.* On demand, the employer shall pay the cost, not exceeding $150, of a physician and all such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches and apparatus as may be reasonably necessary for a period of not longer than 50 days, to cure and relieve from the effects of the injury, and in case of the refusal or neglect of the employer to seasonably do so, the employer shall be liable for the reasonable expenses incurred by or on behalf of the employee in providing the same within the limits as to time and amount hereinbefore expressed: *Provided,* That no employer shall be liable for any medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches and apparatus, nor for any physician's or surgeon's fees in excess of the amount hereinbefore set forth." (R. S. 44-510.)

Then follow provisions relating to amount of compensation when death results from injury, and when death does not result but the injury is followed by disability. The result is, the relief fund is compensation and, under the prescribed conditions, must be added to compensation for disability, in order to fulfill the statute. The statute gives the employer no authority to create charges against compensation to be deducted from an award, and the statute expressly prohibits the workman from doing so.

The workmen's compensation act of 1911 contained the following provisions:

"(e) In fixing the amount of the payment, allowance shall be made for any payment or benefit which the workman may receive from the employer during his period of incapacity.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"The payments due under this act, as well as any judgment obtained there-

under, shall not be assignable or subject to levy, execution or attachment, except for medicine, medical attention and nursing. . . ." (Laws, 1911, ch. 218, §§ 12,15.)

When the act was revised in 1917, the provision for deducting benefits in fixing amount of payments was omitted, and the exception of medicine, medical attention and nursing was omitted from the exemption provision. The subject of treatment and care of the injured person was dealt with by the new provision quoted above (R. S. 44-510), and the exemption provision was recast to read as follows:

"No claim for compensation, or compensation agreed upon, awarded, adjudged, or paid, shall be assignable or subject to levy, execution, attachment, garnishment, or any other remedy or procedure for the recovery or collection of a debt, and this exemption cannot be waived." (R. S. 44-514.)

The legislative policy manifested by these changes in the law is too clear for doubt, and was correctly apprehended by the arbitrator and the district court.

The second item of the award was for a schedule loss, and is not contested. The employer does complain of the judgment, however, because the workman was allowed compensation for temporary total disability for a period of sixty-eight weeks, and in addition was allowed compensation for a partial permanent disability, aside from the schedule loss, for 416 weeks. The contention is that, aside from the schedule injury, the award should not have been for a total of more than 415 weeks.

R. S. 44-510, fixing amount of compensation, is divided into three major paragraphs. Paragraph 1 relates to treatment and care of the injured employee, and has been quoted. Paragraph 2 relates to compensation when death results from injury, and is of no present concern. Paragraph 3 relates to compensation for disability when death does not result from injury, and governs the controversy. Paragraph 3 is composed of three subdivisions, (a), (b), (c), and each subdivision provides for payment of a sum computed on a basis of weekly wages.

Subdivision (a) of paragraph 3 relates to total permanent disability. It provides that when total permanent disability results from injury no compensation shall be paid during the first week of disability, except that provided for in paragraph 1, the allowance for treatment and care. After expiration of the first week, compensation in a sum computed as indicated shall be paid, subject to the following time limitation:

"The payment of compensation for total permanent disability shall not extend over a period exceeding eight years from the date of injury."

Subdivision (b) of paragraph 3 relates to temporary total disability. It provides that when temporary total disability results from injury, no compensation shall be paid during the first week except that provided for in paragraph 1. After expiration of the first week, compensation in a sum computed as indicated shall be paid during the period of temporary total disability. It may be observed here that the period of temporary total disability may not equal eight years from date of injury, because total disability for a period of eight years from date of injury is dealt with as permanent total disability.

Subdivision (c) of paragraph 3 deals with partial disability, which may be permanent or temporary. The subdivision begins as follows:

"(c) Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter, compensation in a lump sum shall be paid as provided in the following schedule. . . ."

The succeeding schedule contains twenty-three subparagraphs numbered consecutively, and for the purpose of interpretation, all the paragraphs are part of the schedule. (*Stefan v. Elevator Co.*, 106 Kan. 369, 187 Pac. 861.) The first eighteen paragraphs cover specific schedule injuries—loss of thumb, finger, hand, arm, toe, foot, leg, etc. Subparagraph 19 relates to all other partial disabilities, and reads as follows:

"(19) Should the employer and employee be unable to agree upon the amount of compensation to be paid in any case of injury not covered by the schedule, the amount of compensation shall be settled according to the provisions of this act as in other cases of disagreement: *Provided, however,* In case of partial disability not covered by schedule the workman shall receive during such period of partial disability not exceeding eight (8) years, 60 per cent of the difference between the amount he was earning prior to said injury as in this act provided and the amount he is able to earn after such injury."

Temporary total disability may be followed by permanent partial disability. Permanent partial disability following a period of temporary total disability is the subject of a proviso in subdivision (b) of paragraph 3, which reads as follows:

"*Provided,* That if such temporary total disability is followed by a permanent partial disability resulting from the injury, payment for such permanent

partial disability shall be made as provided in clause (c) of this paragraph of this section."

Leaving compensation for treatment and care out of consideration, compensation is allowed for disability. In its most disastrous form, disability is total and permanent. Total means, of course, complete to the last degree. Permanency is arbitrarily limited to a period of eight years, or 416 weeks, following injury.

Leaving schedule losses out of consideration, and reading paragraph 19 of subdivision (c) with the introductory part of the subdivision, it is clear that, in respect to time, compensation for permanent partial disability dates from injury. During the first week following injury, no compensation is allowed except for treatment and care. Thereafter, compensation may be awarded for disability for a period having the same limit with respect to permanency as total disability, eight years from date of injury (one week plus 415 weeks). The result is that in no event can compensation be awarded for permanent disability extending over a longer period than eight years from date of injury. If a workman were to have compensation for eight years for permanent partial disability in addition to compensation for temporary total disability, the period would begin with injury and run concurrently with the period of temporary total disability. In that event, the partial disability would not follow the total disability. Because of the entirety of total disability, total and partial disability cannot coexist. During the period of total disability there is no partial disability for which compensation may be made, and compensation for partial disability following total disability must necessarily be limited to the portion of the eight-year period remaining after the total disability ceased.

In computing compensation for the permanent partial disability covered by the third item of the award, the first week after injury should have been excluded, 67 weeks of total disability should have been deducted, and the allowance of $8 per week should have been limited to the remaining 348 weeks of the eight-year period.

The judgment of the district court is reversed, and the cause is remanded with direction to modify the third item of the award as indicated, and render judgment accordingly.