No. 30,831.

GEORGE E. RICHARDSON, *Appellee,* v. THE NATIONAL REFINING COMPANY and THE COLUMBIA CASUALTY COMPANY, *Appellants.*

(18 P. 2d 131.)

Opinion filed January 28, 1933.

*Irwin Snattinger, Hugh T. Fisher, E. B. Smith,* all of Topeka, *Carl E. Ziegler,* of Coffeyville, and *E. R. Adams,* of Kansas City, Mo., for the appellants.

*Charles D. Ise,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for workmen's compensation. Judgment was for the claimant. Respondent appeals.

Appellee was injured on May 17 by splashing some oil in his eye. He was treated by a doctor recommended by the insurance company. At the time of the hearing before the examiner a medical expert testified that the loss of vision of his eye was 99.9 per cent. While appellant argues some points with reference to the amount of compensation allowed, the question which is relied on for a reversal is that no written claim was filed within ninety days of the injury, as required by R. S. 1931 Supp. 44-520a.

This court can only examine the case in the light of the facts as they were found by the trial court. The trial court decided the case upon the record that was made before the examiner for the workmen's compensation commission. The examiner made the following findings:

"The serious question in the case is that of whether demand for compensation was made. No formal written demand in terms was made on respondent by claimant. He did sign a statement narrating the facts of his injury on September 23, 1929. At the time this statement was signed by him the matter of compensation was under discussion between himself and the attorney for the insurance carrier who procured the statement. It seems to the examiner, and is so held, that this was intended as and was a claim for compensation within the meaning of the act, in view of the discussion had at the time the statement was signed. However, this statement was not signed and given to respondent until more than ninety days had elapsed after the injury. It was during a time, however, or immediately thereafter, when respondent was furnishing medical aid to claimant. The furnishing of medical attention is a payment of compensation within the meaning of the act, and the claim mentioned above being made less than ninety days after the last furnishing of medical attention was within time and is a valid claim."

The statement referred to by the examiner was as follows:

"My name is G. E. Richardson. I am employed at the National Refining Company at Coffeyville, Kan. I work on the loading rack.

"On May 17, about 9:30 a. m., I was inside a tank car cleaning out the fuel oil. I was sweeping fuel oil toward the end of the car, and without knowing I was near the end of the car, I swept against the end of the car and splashed fuel oil over myself. Some of the fuel oil hit my face and eyes. I wiped my eyes out with a clean rag and continued working. That night my eyes bothered me quite a bit and continued to hurt until the 21st of May, when I reported to Dr. Chadwick for treatment. I have been under Dr. Chadwick's care ever since. I have not lost any time because of the injury.

"Right after the oil splashed into my eyes, I informed Lee Burgman, my foreman, and also Clarence Slusher, a fellow employee, on the loading rack. They both noticed the oil in my eyes.

"I have read the above and foregoing statement and it is true to my best knowledge and belief.

"It was the next morning that I told my foreman."

The question is, Does this paper constitute a demand for compensation and does the furnishing of medical attention constitute the payment of compensation so as to permit the filing of the written claim within ninety days after the furnishing of this medical attention?

We have heretofore held that there is no particular formality necessary in connection with the claim required under R. S. 1931 Supp. 44-520a. (See *Eckl v. Sinclair Refining Co.,* 133 Kan. 285, 299 Pac. 588.) In that case the court held that two letters written within the statutory time were a sufficient claim. There it was said:

"This court has held that there is no formality necessary about the claim made by an injured workman for compensation under the workmen's compensation act. . . . The reasonable interpretation to put on these letters is that what the claimant had in mind was the collection of compensation." (p. 287.)

That case followed the rule laid down in *Weaver v. Shanklin Walnut Co.,* 131 Kan. 771, 293 Pac. 950. In that case a letter had been written to the company by the employee inquiring about some papers which he thought had been sent out for him to sign. The court said:

"The reasonable interpretation to be placed on the letter from Weaver is that he was then asking for compensation under the workmen's compensation law." (p. 773.)

It will be seen that the court has adopted the rule that it will look at the writing and the surrounding circumstances of the parties, and after considering all these things, place a reasonable interpretation upon them. The question is, Did this man have in mind compensation for his injury when he signed the instrument heretofore set out, and did he intend by it to ask his employer to

pay compensation? A further requirement is that it must be open to the reasonable interpretation that the employer would be expected to conclude that the employee was expecting compensation. It would be manifestly unfair to hold an injured employee to any particular form of claim, or to hold that he should be required to make a claim in a form that would satisfy a lawyer if he were preparing it.

The instrument in this case meets the requirements laid down in the cases cited much more fully than the writings in those cases.

Appellants argue that even if it should be held that the writing in this case was a demand, still it was not served till more than ninety days after the injury. Appellee points out that this writing was served more than ninety days after the accident, but less than ninety days after the last payment of compensation to the workman. Appellee argues that the furnishing of medical attention to the workman constituted a payment of compensation. The question then is, Does the furnishing of medical aid to an injured workman constitute payment of compensation under the terms of R. S. 1931 Supp. 44-520a?

That section is as follows:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, . . . or in cases where compensation payments have been suspended within ninety (90) days after the date of the last payment of compensation."

The answer to this question lies in the statute. R. S. 1931 Supp. 44-510 provides, among other things, as follows:

"The amount of compensation under this act shall be: (1) Treatment and care of injured, employees. It shall be the duty of the employer to provide the services of a physician or surgeon and such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, ambulance, crutches and apparatus, as may be reasonably necessary to cure and relieve the workman from the effects of the injury; but the cost thereof shall not be more than $100, nor shall the period of time during which same are to be provided exceed sixty (60) days from date of accident."

It will be seen that the statute provides that the furnishing of medical aid is the payment of compensation.

Since this is the case, we conclude that the written claim for compensation was filed within time.

The judgment of the district court is affirmed.

Thiele, J., not participating.