No. 31,239

ALPHA KETCHELL, *Appellee*, v. WILSON & COMPANY, *Appellant*.

(23 P. 2d 488.)

Opinion filed July 8, 1933.

*Arthur J. Stanley, Arthur J. Stanley, Jr.,* and *C. C. Keller*, all of Kansas City, for the appellant.

*A. M. Etchen*, of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one by an employee for compensation. Compensation was awarded by the compensation commissioner. On appeal the district court approved the award. The employer appeals.

The examiner stated the case clearly and succinctly as follows:

"Claimant is a married woman 30 years of age, who, on the 25th day of February, 1932, while passing another employee emptying a truck, was struck on the right breast by the handle of the truck as it came down, resulting in discoloration of the breast and swelling therein, pain in her breast and arm to such an extent that it was at first feared that ribs had been fractured. However, an X-ray disclosed that there was no bony injury, but the pain continued to be so severe that claimant was off work until March 2, 1932, when she returned to work and worked in spite of her pain until May 16, 1932, when she was forced to quit her employment because of pain in her breast, coupled with some sinus disturbance, which had no relation to the injury. The breast was lanced on June 10, 1932, and claimant returned to work on about June 13, 1932, and continued to have pain, however, both in the breast and arm. She continued to work until August 26, 1932, when another operation was performed on the breast, and since that time claimant has been unable to work because of pain in the breast and arm.

"Respondent contends that written claim for compensation was not made within the statutory time. An admission was made in the record that the first written claim to be made on respondent was that mailed to the commissioner, which was received by him September 9, 1932; within the ninety days previous, respondent had made two payments of compensation, each of them being in the form of medical and hospital attention furnished. The operation on June 10, 1932, was performed by Dr. Luke, whose bill was paid by respondent. The operation of August 26, 1932, was paid for by respondent. It is respondent's contention that that operation was furnished her as a matter of charity and should not operate to toll the ninety-day period within which she might make claim. Dr. Sterrett was the physician regularly employed by the company to take care of all injured workmen. Arrangements were made for him to perform the operation, and he was at the hospital about to commence when he was stricken with illness, and another doctor who happened to be present volunteered to perform the operation for him and did perform the operation for him. The hospital bill was paid by respondent, and Dr. Sterrett's wages were continued during his illness. Dr. Sterrett had seen the claimant during the trouble resulting from this blow off and on during all the time from February to August and had had charge of the treatment of her condition during all of that time."

The examiner's statement concluded as follows:

"This state of facts constituted a payment of compensation within the meaning of the act, and claimant had ninety days from August 26, 1932, within which to file a claim."

As indicated, the employer contends statutory duty to furnish medical and hospital service is limited in time to the period of sixty days from date of injury. (R. S. 1931 Supp. § 44-510.) After that the furnishing of such service is a mere gratuity, and the ninety-day period within which written claim for compensation must be made

is not enlarged. The furnishing of medical and hospital treatment is payment of compensation, and written claim for compensation may be made within ninety days after medical and hospital aid is last furnished. (*Richardson v. National Refining Co.*, 136 Kan. 724, 18 P. 2d 131.) To continue, after expiration of the sixty-day period, to furnish medical and hospital treatment, as an uncured injury demands, is to continue to pay compensation, at least up to the amount allowed by statute for that particular service.

The statute requires that an award shall be made within thirty days after submission unless the time be extended by agreement. (R. S. 1931 Supp. § 44-523.) In this instance the hearing occurred and the cause was submitted on October 12, and the award was made on November 16. It is contended the commissioner lost jurisdiction. The statute is designed to secure prompt action, but it does not impose a time limitation upon jurisdiction to make an award.

The award which was made was sustained by the evidence.

The judgment of the district court is affirmed.