No. 32,425

Earl La Fever, *Appellee*, v. Olson Drilling Company and Employers Liability Assurance Corporation, *Appellants*.

(49 P. 2d 967)

Opinion filed October 5, 1935.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellants.

*J. N. Tincher, Clyde Raleigh* and *Leaford F. Cushenbery,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The employer and its insurance carrier appeal from an award made to an employee under the workmen's compensation act.

On March 11, 1934, the claimant sustained an injury to his knee. He was in a hospital for ten days and for a short time thereafter saw the doctor every few days. In the middle of April the doctor told claimant there was nothing more he could do, and that claimant should rub the knee with liniment. On April 25, 1934, he went back to work. Claimant was paid $72, covering four weeks' compensation, which he accepted. A final receipt and release were sent him which he refused to sign. Claimant's testimony was that he knew in April the company was not paying any more compensation but he did not know about the medical treatment, and that the company did not tell him he could not have medical treatment. Claimant testified he saw the doctor of his own accord sometime in August or September and got a prescription. About the first part of August he talked to a representative of the insurance company, who told him the company would pay no more. At that time he was getting no treatment from the doctor except what he himself paid for, and all the treatment he got after April was that the doctor examined the knee and told him to rub it with liniment. The doctor's testimony was that the treatment ceased April 22; that many of the persons whom he had treated dropped into his office and he talked with them, and that he talked with claimant, who came in about members of his family. On September 29 claimant came in and got a prescription for liniment, but he did not treat claimant after April 22. On October 11 claimant made written demand for compensation. The hearing by the examiner resulted in a finding that claimant had failed to make written demand for compensation within ninety days from date of the last authorized medical treatment and that award of compensation should be denied. Claimant appealed to the district court, which in a written decision found that written claim was made October 11, and that the last treatment of claimant charged by the attending physician to the employer or its insurance carrier was on

April 22, and that afterwards claimant came to the doctor's office occasionally and discussed progress of his injury and received directions to massage, and on September 29 the doctor gave him a prescription. The trial court concluded:

"While the last medical attendance was furnished by respondent on April 22, the evidence does not warrant a finding that the claimant knew medical attention terminated on that date. In addition to showing that the last compensation was furnished more than ninety days prior to the written demand, the respondent must also show that the claimant knew that compensation had ceased. The written notice was within time."

An award in favor of claimant was made and the employer and its insurance carrier appeal, the assignments of error including that the trial court erred in finding the respondent must show that claimant knew that compensation, including medical treatment, had ceased in order to start the operation of the ninety-day demand period, and in finding that written notice was within time.

Under section 20 of chapter 232 of the Laws of 1927 (being R. S. 1933 Supp. 44-520a) it is provided that no proceedings for compensation shall be maintainable unless a written claim be served upon the employer within ninety days after the accident or, in cases where compensation payments have been suspended, within ninety days after the date of the last payment of compensation.

In *Richardson v. National Refining Co.*, 136 Kan. 724, 18 P. 2d 131, it was held:

"The furnishing of medical aid to an injured employee constitutes the payment of compensation within the meaning of R. S. 1931 Supp. 44-520a, and a written claim for compensation filed within ninety days of the last furnishing of medical aid is filed in time." (Syl. ¶ 3.)

See, also, *Ketchell v. Wilson & Co.*, 138 Kan. 97, 23 P. 2d 488.

In the case at bar the trial court found that the last medical attendance (treatment) was furnished by the employer on April 22, and there being no dispute that written claim was not made until October 11 it must be held that the claim was not made in the time prescribed by statute, unless it be further held that the employer must show that the claimant knew compensation had ceased. It may be observed that the statute makes no such requirement. The right to recover compensation is purely statutory, and we are not warranted in reading into the statute a condition that is not expressed or necessarily implicit therein. Were we to so interpret the statute, it would not avail the claimant. Claimant's own testimony was that in the middle of April the doctor told him there was

nothing more he, the doctor, could do, and that about April 25, 1934, four weeks' compensation was paid claimant and a final receipt and release were tendered him, which he refused to sign. He knew then that the employer was denying further liability. Although, on his own initiative, he may have seen the doctor at different times, he received no further treatment until September 29, when he procured a prescription which he himself had filled. This did not bind the employer nor extend the time in which claim for compensation could be made.

The judgment of the lower court is reversed and remanded with instructions to deny an award.