No. 34,532

ORVILLE WOLGAMOTT (Claimant), *Appellant,* v. VINEGAR HILL ZINC COMPANY (Employer and Self-insurer), *Appellee.*

(99 P. 2d 755)

Opinion filed March 9, 1940.

*Sylvan Bruner, Pete J. Farabi,* both of Pittsburg, and *Joe Henbest,* of Columbus, for the appellant.

*Corbin Shouse,* of Baxter Springs, *John R..Wallace* and *A. C. Wallace,* both of Miami, Okla., for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This appeal is from a judgment wherein the trial court disallowed an item of $500 for special medical and hospital expense included in an award of compensation to an injured workman.

On September 21, 1938, the claimant was injured while working in the respondent's zinc mine in Cherokee county. For a couple of weeks thereafter claimant tried to work, but his injuries were too severe to do so regularly. His home was in Joplin, Mo., and for some time following his accident he made occasional trips to the office of respondents's doctor for treatment. Beginning about November 1, without a formal claim for compensation, the respondent began paying claimant total disability compensation of $14.58 per week (60 percent of his weekly wage of $24.30). On November 15 claimant entered the company's hospital and remained there four days.

On November 26 claimant filed an application with the compensation commissioner for a change of physicians and a change of hospitals, alleging that the respondent's hospital and the physicians and surgeons furnished him were unsatisfactory. He prayed that the commissioner authorize him to go to Mt. Carmel hospital in Pittsburg for hospitalization and to receive treatment from Dr. A. W. Sandidge, of Mulberry, and Dr. C. S. Newman, of Crawford county.

This application was not verified, and no notice of a hearing or opportunity to be heard thereon was given. If any *ex parte* showing was made in support of the application, no record was made thereof; but on November 29, three days after the application was filed, the commissioner ordered—

"That the above-named claimant, Orville Wolgamott, be and he is hereby authorized to present himself for medical treatment at Mt. Carmel Hospital, Pittsburg, Kan., to be treated by Dr. A. W. Sandidge and Dr. C. S. Newman, such medical and hospital care to be paid for by the respondent, subject to the maximum costs provided by statute."

The respondent sought to appeal from this order, but the trial court ruled that it was not then a final order and dismissed it.

On December 23 Wolgamott filed a regular claim for compensation. In due time a hearing was had thereon, and the commissioner

found that the claimant was totally disabled and that the duration thereof was uncertain, and made an award of compensation at $14.58 for a period not exceeding 415 weeks. Included in the award was the following:

"Further award is made in favor of the claimant and against the respondent for medical and hospital expense in an amount not to exceed five hundred ($500) dollars, out of which shall be paid the bill of Dr. C. S. Newman, and any hospital bills that may have been incurred by reason of the commission's order authorizing change of physician."

On appeal to the district court the weekly award of compensation was affirmed. In other respects the trial court made findings and conclusions as follows:

"4. It is further found that the commissioner's order made authorizing claimant to change physicians, was an *ex parte* order and made without notice to respondent and that said order is void and should be set aside.

"It is therefore by the court considered, ordered, adjudged and decreed that the order and award of the workmen's compensation commissioner appealed from herein by respondent be and the same is hereby affirmed and approved, except that the order made by the commissioner authorizing a change of physicians, which was an *ex parte* order and made without notice to respondent, is void, and the same be and is hereby set aside and held for naught and void."

Claimant appeals. He contends that the fact that the compensation commissioner's order of November 29, 1938, was made without notice to respondent and without an opportunity to be heard on claimant's application for a change of hospitalization and a change of doctors, was not a sufficient reason for setting that order aside.

The statutory provision relating to the care and treatment of injured employees reads:

"The amount of compensation under this act shall be: (1) *Treatment and care of injured employees.* It shall be the duty of the employer to provide the services of a physician or surgeon and such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, ambulance, crutches and apparatus, as may be reasonably necessary to cure and relieve the workman from the effects of the injury; but the cost thereof shall not be more than $100, nor shall the period of time during which same are to be provided exceed sixty (60) days from date of accident: *Provided,* That in extreme cases the commission may, after proper showing, require the employer to provide medical, surgical and hospital treatment in an amount not in excess of $500: . . . *Provided further,* That if the services of the physician or surgeon furnished as above provided are not satisfactory to the injured workman the commission may authorize the appointment of some other physician or surgeon, subject to the limitations as to total charges for the benefits in this section provided and the period over which same shall extend as hereinbefore expressed." (G. S. 1935, 44-510.)

Counsel for claimant argues that the section just quoted contains no provision for notice to the employer nor for an opportunity to be heard before a change of doctors or hospitals is authorized. Passing the obvious question of due process which that argument would inject (*Cities Service Co. v. Koeneke*, 137 Kan. 7, 18-20, 20 P. 2d 460), it is no longer an open question in this state that the furnishing of medical aid to an injured workman is payment of compensation, with exactly the same implications as are the weekly payments of money made to him by his employer for scheduled injuries or for total or partial incapacity. (*Richardson v. National Refining Co.*, 136 Kan. 724, 727, 18 P. 2d 131, syl. ¶ 3; *Ketchell v. Wilson & Co.*, 138 Kan. 97, 23 P. 2d 488, syl. ¶ 1.) This medical aid may be furnished by express agreement of employer and injured employee exactly as the monetary payment of weekly compensation may be made without a formal application therefor to the compensation commissioner. (G. S. 1935, 44-521.) So, too, all phases of compensation to an injured workman, including medical aid, may be settled by an arbitration committee. (G. S. 1935, 44-522, 44-523.) If and when a formal demand for compensation is made to the compensation commission, as usually happens in the cases which come to this court for review, the simple procedure prescribed by the statute and by the rules of the commission should be followed. That procedure requires that a copy of the application be furnished to the employer; due and reasonable notice of not less than twenty days shall be given, and all evidence in relation thereto shall be heard; and it is only pursuant to substantial compliance with this procedure that the commissioner may make findings and an award of compensation. (G. S. 1935, § 44-534.) In *Waltz v. Missouri Pac. Rld. Co.*, 142 Kan. 164, 45 P. 2d 861, it was said that on the hearing of a claim for compensation it was the duty of the commissioner to hear all the evidence pertaining to *any question at issue*. It therefore becomes clear that the *ex parte* order of the commissioner authorizing the claimant to change hospitals and doctors and to incur expenses pertaining thereto to be paid by the respondent was not authorized by the statute.

It is suggested, however, that at the trial before the compensation commissioner the matter of claimant's application to change hospitals and doctors was heard on evidence pro and con, so that whatever irregularity there was in the commissioner's *ex parte* order was eventually cured. The trial court apparently did not think so; and

while this court is without jurisdiction to determine a mere question of disputed fact in a compensation case, we have carefully read the record and can discern no basis for an order authorizing claimant, a citizen of Joplin with its 33,000 (U. S. census, 1930) population and probably a hundred doctors, to go thirty or forty miles from home to Crawford county for medical aid at his employer's expense, even if he had some reasonable basis for dissatisfaction with the hospital and medical and surgical services supplied by his employer. Whatever the basis of the trial court's ruling in this particular matter, it cannot be disturbed. (*State, ex rel., v. Iola Theater Corp.,* 136 Kan. 411, 414, 15 P. 2d 459; *In re Estate of Dennis,* 146 Kan. 121, 125-126, 68 P. 2d 1083.)

Judgment affirmed.