No. 35,463

S. D. Bishop, *Appellee,* v. Dolese Brothers Company, *Appellant.*

(124 P. 2d 446)

Opinion filed April 11, 1942.

*George C. Spradling,* of Wichita, argued the cause, and *Joseph G. Carey, W. F. Lilleston, Henry V. Gott* and *A. M. Buzzi,* all of Wichita, were on the briefs for the appellant.

*Vincent F. Hiebsch,* of Wichita, argued the cause, and *William J. Wertz, Milton Zacharias,* both of Wichita, and *J. H. Jenson,* of Oakley, were on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This is a claim for workmen's compensation. The commissioner of workmen's compensation found for the respondent and refused to award compensation to the workman. On appeal the district court considered the record made before the commissioner and gave judgment in favor of the claimant. The respondent appeals.

The only question in the case is whether the claim for compensation was made within ninety days of the accident or the last payment of compensation. The injury occurred on October 23, 1938, when claimant was hit on both shins with a piece of pipe. Claimant had pneumonia about five years before the accident, followed by phlebitis, which left him with varicose veins in his right leg, which caused poor circulation. Claimant continued to work until October 29, when he was off a few days. He returned to work on December 9, 1938. He was asked to sign a release and when he objected to this because his leg was not healed the yard foreman of his employer assured him his case would be taken care of if he signed the release

and went to work. The leg did not get well and claimant was forced to quit work. He underwent treatment and was paid compensation until May 8, 1939. All the above facts were found by the trial court, are supported by the evidence and are not disputed by respondent. The final outcome of the case depends on what happened subsequent to May 8, 1939.

The trial court found that on May 8, 1939, claimant was put to work at lighter work in order that his leg might be exercised and that this was done at the direction of the company's doctor. There is a dispute in the evidence as to this, but both claimant and his wife testified to that effect. We cannot say there was not substantial evidence to warrant the court in making that finding. The court also found that on that date the wound on the claimant's right leg was not completely healed and that claimant told the yard foreman for respondent that he was back at work to secure exercise so that the leg would eventually heal and that when the superintendent asked claimant to sign a receipt for compensation claimant asked about further treatments for his leg and the yard superintendent told him that it would be taken care of the same as it had been. There is evidence both ways as to this finding. We cannot say, however, that there was not substantial evidence to warrant the court in making it.

The court further found that on May 8 both claimant and respondent's doctor believed that exercise occasioned by the work furnished claimant would result in his recovery, and that after May 8, 1939, respondent continued to furnish medical treatment to claimant through its doctor.

The case turns in part upon whether there is substantial evidence to warrant the court in making the above finding. The doctor denied categorically that he treated the claimant after May 8 for anything except slight injury that claimant received on the same leg and about the same place as the former injury. On the other hand, claimant testified as follows:

"The doctor told me of an evening when I would get home from work, I would set down and elevate my leg and put a light on it part of the time, just an ordinary electric light. I made several trips to the doctor's office after May, 1939, that is, after I went back to work in May. I went about every week or two. He would make an examination of the leg and put a light on it some, not all of the time. He told me to just continue working on the truck, lighter work than I had been doing. I asked him why it didn't heal up and he said it was on account of the poor circulation in the leg and

that proper treatment was light work and exercise. I followed the doctor's instructions."

Again the claimant testified as follows:

"I went to Doctor Sutter's office from May 7 to February 22, 1940. Doctor Sutter would look at my leg and see how it was getting along and treat it part of the time and put a light on it. The longest period between May 8, 1939, and February 22, 1940, I did not go to Doctor Sutter was around three weeks."

On this point the doctor testified as follows:

"I have no records of treatments for Darrell Bishop between the dates of May 8, 1939, and July 21, 1939. I have all of my office records on his treatments and there are no records of any treatments other than those I have given. I have no record of any treatment between July 31, 1939, and November 21, 1939. I have no record of having seen Mr. Bishop between those times. We had conversations during that time. I would talk to him, but no treatment. He never complained to me about his leg during that time. We keep a record of all treatments given, but we don't keep a record of a good conversation or gun trade."

It will be seen from the above evidence that the defendant testified positively that the company's doctor treated him from May 8 up until February 22, 1940, and that the doctor admitted that he saw him during that time. Certainly we cannot say that there was not substantial evidence to sustain the court in making the finding that the doctor had treated him. As has been said so many times when a workmen's compensation case reaches this court on appeal, we cannot weigh evidence. Our jurisdiction is limited to deciding matters of law.

The court next made a finding as to an injury that occurred to this same leg and for which the doctor treated claimant. There is substantial evidence that this injury aggravated the condition that had been brought on by the previous injury and that the final condition of claimant was due to the first injury.

The court found that ample medical attention was furnished claimant by the respondent until February 22, 1940, at which time another doctor was consulted by defendant.

February 22, 1940, claimant was forced to quit work on account of his injury. On March 4, 1940, claimant made demand for compensation.

Based on the above facts, the trial court awarded compensation. There is no dispute about the amount awarded. The trial court allowed the respondent credit for payment of compensation during

the weeks that claimant was working at the so-called light work, that is, the trial court treated part of the wages paid him during that time as compensation. The respondent argues here that the record does not support a conclusion that the work done by claimant after he came back to work on May 8, 1939, was any lighter than the work he was doing at the time of his injury and argues further that in the absence of such a showing it was error to treat part of the wages paid him as compensation.

In our view, a decision of the case does not turn upon that interesting point. The trial court found that the respondent furnished medical services to claimant until February 22, 1940. The claim was filed March 20, 1940.

There was substantial evidence to sustain these findings. The claimant testified that not more than two weeks ever passed between May 8, 1939, and February 22, 1940, without his receiving treatments from the company doctor. The trial court found that these treatments were furnished by the respondent. The furnishing of medical aid to an injured employee constitutes the payment of compensation within the meaning of G. S. 1941 Supp. 44-520a and a written demand filed within 120 days of the last furnishing of medical aid is filed in time. See *Richardson v. National Refining Co.*, 136 Kan. 724, 18 P. 2d 131; G. S. 1941 Supp. 44-520a; also G. S. 1941 Supp. 44-510; *Wolgamott v. Vinegar Hill Zinc Co.*, 151 Kan. 374, 99 P. 2d 755; *Ketchell v. Wilson & Co.*, 138 Kan. 97, 23 P. 2d 488.

The conclusion of the trial court that the claim was filed in time cannot be disturbed.

The judgment of the trial court is affirmed.

Hoch, J., not participating.