No. 38,477

SAMUEL I. MOORE, *Appellee,* v. DOLESE BROTHERS COMPANY, *Appellant.*

(236 P. 2d 55)

Opinion filed October 6, 1951.

*Robert J. Hill,* of Wichita, argued the cause, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, Ralph M. Hope,* all of Wichita, were with him on the briefs for the appellant.

*Kurt Riesen,* of Wichita, argued the cause, and *Fred W. Aley, Robert B. Morton, John Jay Darrah,* and *Robert C. Allan,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was a workmen's compensation case. The trial court made an award of compensation and the employer has appealed.

The legal question presented is whether the claim for compensation was made in time under our statute (G. S. 1949, 44-520a), which so far as here pertinent reads:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or his duly authorized agent, or by delivering such written claim to him by registered mail within one hundred twenty days after the accident, or in cases where compensation payments have been suspended within one hundred twenty days after the date of the last payment of compensation; . . ."

The facts disclosed by the record may be summarized as follows: The employer was operating under our workmen's compensation act as a qualified self-insurer. Claimant testified that he went to work for the employer in October, 1949, as a dump truck driver. While so working and on December 5, 1949, he received an accidental injury to the lower part of his back. He saw Doctor Sutter several times in the next few days, but beginning on December 8 he was treated by Doctor Anderson of the Wichita clinic. On January 9, 1950, Doctor Anderson performed surgery on his back and removed a ruptured disc, and continued to treat him until March 6,

at which time he permitted the claimant to return to work; that about May 22 he reported to Doctor Anderson because of increased pain in his back and legs caused by lifting a heavy object; that the doctor had him stay in bed with a heating pad for a few days; that he again saw Doctor Anderson on June 29, and received diathermy treatments and exercise, and on that date Doctor Anderson told him to take his work "very easy."

Doctor Anderson testified:

"Mr. Moore was treated from December 8, 1949, (surgery performed on January 9, 1950) until March 6, at which time he was permitted to return to work but was not released from our care. Mr. Moore reported on May 22, 1950. He was placed on brace, heat and bedrest. On May 29, 1950, he was allowed to return to work, but was cautioned to avoid anything which would require much strain to his back, such as heavy lifting. He was checked again on June 29, 1950, and placed on rather vigorous exercise in our physical therapy department. He called on the telephone on July 5, 1950, and was again cautioned that heavy work would not be advisable.

"Q. . . . Wasn't your restriction on light work in effect from March, 1950, to September 15, 1950? A. Yes, sir.

"Cross Examination. Q. From the outset, after the completion of this operation and every time you saw Mr. Moore, you would caution him about heavy lifting? A. Yes, sir.

"Re-direct Examination. Q. Dr. Anderson, you have no notes nor independent recollection of what you said to Mr. Moore on June 29, 1950, other than that you told him that he had to indulge or engage in light work only; is that correct, sir? A. That is right.

"Q. You do, however, have a recollection and some memoranda that you talked to him by phone on July 5, 1950, and that you then after listening to his recital of his then existing condition, prescribed continuation of light work; is that right? A. Yes, sir.

"Q. And you do likewise have a recollection and some written memoranda to show that on September 15, 1950, he was in your office and once again you said 'You must engage in light work only.' You prescribed that; is that correct? A. Yes, sir.

"Re-cross Examination. Q. Now, one more thing I would like to clear up. Mr. Morton, in asking you relative to your telling Mr. Moore to stay off heavy work would use the term that you prescribed light work. You, of course, answered, 'Yes, sir.' You did not mean to answer by that that you prescribed light work for Mr. Moore in the sense that work would help his injury? A. Yes, sir; I do. . . .

"Q. When you told Mr. Moore to do light work, it wasn't with the idea that going out and doing light work would make his condition better, would do it good? A. Yes, sir; I did. Many times going back to work, doing some activity will help stimulate these muscles and help build up a back much faster than anything we can do with medication or physical therapy, as far as that is concerned.

"Q. As I understand it, your admonition to him was to stay off of heavy work? A. Yes, sir.

"Q. More than to do light work; is that correct? A. Yes, sir. My caution to him has always been to work, doing what he can, but to avoid stooping, lifting, or any type of work which required strain to his back.

"Q. That is true whenever you talked to him about the type of work he wants to do? A. Yes, sir."

Claimant returned to work for respondent in March, 1950, and continued to work until November 26, 1950. Compensation had been paid from the time of his injury in December, 1949, until his return to work in March, 1950, when payments for compensation ceased. He served upon his employer a claim for compensation on January 2, 1951. At the hearing before the examiner of the compensation commission the only questions at issue were whether the claim was filed in time and the amount of compensation due, if any. All other pertinent facts were stipulated. The examiner found the claim was filed in time and allowed compensation. That was approved by the compensation commissioner. The employer appealed to the district court. The district court, after due hearing and consideration, entered a judgment in which it found that the claimant was working for respondent who was operating under the workmen's compensation act as a qualified self-insurer; that on December 5, 1949, claimant suffered personal injury by accident arising out of and in the course of his employment; that the employer paid compensation in the aggregate sum of $240 up to March 6, 1950, and furnished medical attention in the sum of $835.15. The court found the average weekly wage of claimant, that he had suffered and sustained permanent partial disability, made an award and affirmed and concurred in the award of the compensation commissioner. With respect to the time of the filing of the claim the court found:

"That claimant served upon respondent a written claim for compensation on January 2, 1951; that Dr. Anderson had prescribed light work as treatment for claimant upon and following his return to work for respondent after the accident, for the reason that such light work might make claimant's condition better, as shown in Dr. Anderson's testimony at page 49 and 50 of the transcript of evidence before the Examiner; that said prescription was in effect up to and including September 15, 1950; and that therefor said written claim was made within the statutory period prescribed by the Statutes of the State of Kansas and was not barred thereby."

The employer has appealed from the award and judgment of the

district court and submits for our determination the following question:

"Does the fact that the doctor prescribed light work as treatment for claimant upon and following his return to work for respondent, for the reason that such light work might make claimant's condition better, toll the running of the statutory period within which a claimant must make a written claim for compensation?"

Answering categorically the question propounded, we feel compelled to say that such a prescription, for the purpose stated, would or would not toll the time of making a claim for compensation depending upon the time and circumstances of the giving of the prescription considered in connection with the pertinent sections of our statutes. We have previously quoted G. S. 1949, 44-520a, which requires the written claim for compensation to be served within 120 days after the accident, or where compensation payments have been suspended, within 120 days after the date of the last payment of compensation. In this case the claim for compensation was served almost thirteen months after the accident and almost ten months after the date of the last payment of compensation, hence would be too late under the specific terms of that statute. However, under our statute (G. S. 1949, 44-510) compensation includes the treatment and care of injured employees. The pertinent portion of this section of our statute reads:

"The amount of compensation under this act shall be (1) *Treatment and care of injured employees.* It shall be the duty of the employer to provide the services of a physician or surgeon and such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, ambulance, crutches and apparatus, as may be reasonably necessary to cure and relieve the workman from the effects of the injury; but the cost thereof shall not be more than one hundred dollars, nor shall the period of time during which same are to be provided exceed one hundred twenty days from the date of accident: *Provided,* That in extreme cases the commissioner may, after proper showing, require the employer to provide medical, surgical and hospital treatment in an amount not in excess of seven hundred fifty dollars: . . ." (Amended by Chap. 305, Laws 1951, so as to authorize the payment in extreme cases to be as much as $1,500.)

In *Richardson v. National Refining Co.,* 136 Kan. 724, 18 P. 2d 131, we held that,

"The furnishing of medical aid to an injured employee constitutes the payment of compensation within the meaning of R. S. 1931 Supp. 44-520a, . . ." (now G. S. 1949, 44-520a).

This has been followed in several cases, including *Larrick v. Hercules Powder Co.,* 164 Kan. 328, 188 P. 2d 639.

We have also held that the statutory limitation upon the amount of medical aid required of an employer to be furnished, or the time within which the employer is required to furnish the same, are not controlling if in fact the employer does go further and furnish medical aid in a larger sum or to a later time than required by statute. (See *Billings v. United Power & Light Corp.*, 125 Kan. 370, 263 Pac. 779; *Ketchell v. Wilson & Co.*, 138 Kan. 97, 23 P. 2d 488, and *Wells v. Eagle-Picher M. & S. Co.*, 148 Kan. 794, 85 P. 2d 22.) In this case the compensation commissioner had not found this to be an extreme case, nevertheless the employer paid a sum in excess of what the commissioner could have required him to pay. In the case before us, whether the employer had provided treatment and care of the claimant to a period within 120 days prior to January 2, 1951, is a question of fact to be determined by the trial court and not a question of law to be determined by this court.

Appellant's specific complaint is, the trial court did not find that on September 15, 1950, the respondent furnished treatment for the claimant, and points out that what the court found was that Doctor Anderson prescribed light work as a treatment for claimant "upon and following his return to work," which would mean upon March 6, 1950, and subsequently, and that the prescription "was in effect up to and including September 15, 1950." We regard this too narrow a construction of the language used and point out that the court in its findings and judgment "affirmed and concurred in" the award of the compensation commissioner.

If the findings and judgment of the trial court should be construed to mean that when the claimant was released for work in March, 1950, among the prescriptions given was that he should perform only light work, and that the claimant had followed that prescription to a time within 120 days prior to his filing a claim for compensation, even though medical services had not been furnished by the employer within such time, our authorities cited by appellee (*Rupp v. Jacobs*, 149 Kan. 712, 88 P. 2d 1102, and *Bishop v. Dolese Brothers Co.*, 155 Kan. 288, 124 P. 2d 446) would not sustain the judgment of the trial court. Neither have we been able to find other authorities that would do so. In the Rupp case, where a doctor had prescribed light work, the employer agreed to give the claimant light work and paid him his regular wages, although it was known to both of them that the wages paid were in excess of what claimant earned. This court held that the excess was in fact a payment of compensation. The syllabus reads:

"Notice and demand for compensation is timely if given within ninety days [now one hundred and twenty] after employer suspends voluntary and informal payments of compensation."

There is no claim that such a situation existed in this case. In the Bishop case the claimant testified that he visited the doctor and was treated by him about every two weeks from May 7, 1939, to February 22, 1940. The claim for compensation was filed on March 4, 1940. The compensation commissioner apparently believed claimant's testimony and awarded compensation. This court affirmed.

We find no material error in the case and the judgment of the trial court is affirmed.

HARVEY, C. J. (dissenting): I dissent from the construction given in the opinion to the findings and judgment of the trial court. The court chose its language. It did not find that the employer furnished medical treatment to the claimant on September 15, 1950. As I read the record the last medical services furnished by the employers were on June 29, 1950.

All the trial court found was that the doctor's prescription of light work given claimant upon and following his return to work in March, 1950, was in effect up to and including September 15, 1950. Perhaps the same statement could be made on the date this opinion is filed. I think the position untenable. Our legislature has re-written what is now G. S. 1949, 44-520a, several times in order to have definiteness in the time for filing a claim for compensation. Our decisions have uniformly held it is essential for recovery that the claim be filed within the time provided by the then existing statute. We cite a few of the cases: *Smith v. Process Co.*, 100 Kan. 40, 163 Pac. 645; *Rogers v. Railway Co.*, 115 Kan. 815, 225 Pac. 108; *Long v. Watts*, 129 Kan. 489, 283 Pac. 654; *Murphy v. Cook Construction Co.*, 130 Kan. 200, 285 Pac. 604; *Skinner v. Dunn Mercantile Co.*, 132 Kan. 559, 296 Pac. 341. There is no reason in this case why the claimant could not have served his claim for compensation within 120 days after the date of the last payment of compensation.

PRICE, J., concurs in the dissent.