No. 39,450

MARY D. KOBER, *Appellant,* v. BEECH AIRCRAFT CORPORATION and GREAT AMERICAN INDEMNITY COMPANY OF NEW YORK, *Appellees.*

(276 P. 2d 335)

Opinion filed November 13, 1954.

*R. A. Munroe,* of Augusta, argued the cause, and *Frantz G. Loriaux,* of Augusta, was with him on the brief for the appellant.

*Byron Brainerd,* of Wichita, argued the cause, and *Claude I. Depew, Lawrence Weigand, Lawrence Curfman, Charles W. Harris, Orval J. Kaufman, J. Ruse McCarthy,* and *Thomas A. Wood,* all of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from a proceeding by a workman to recover compensation for injuries sustained while in employment, the question being whether the claim was filed within 120 days after the date of the last payment of compensation as provided by G. S. 1949, 44-520a. For present purposes it may be said that the claimant received an injury to her back on December 5, 1951, for which she received treatment. Her last visit to the doctor was on December 21, 1951, when he told her to return to work on December 26, 1951, which she did. Over 120 days after her last visit to the doctor, and on April 21, 1952, she filed her claim for compensation, and the specific question is whether what transpired after her last visit to the doctor amounted to the furnishing of medical treatment and constituted payment of compensation under our decisions. See cases in the annotations to G. S. 1949, 44-520a, that furnishing medical treatment constitutes payment of compensation.

Following the filing of the claim a hearing was had before an examiner for the workmen's compensation commissioner at which it was admitted that the claimant was an employee of the respondent corporation; that the corporation was operating under the workmen's compensation act and that the company was its insurance carrier; that the corporation denied claimant sustained an injury but if she did the corporation had notice, and at which hearing it was denied that written claim for compensation was made within the statutory period. Evidence was received as to the injury, the treatment of claimant and pertinent matters, which will be later mentioned insofar as necessary, and at the conclusion thereof the examiner made and filed his award and decision, which included a finding that claimant had failed to make written claim for compensation within the statutory period and for that reason an award of compensation was denied. This award and decision was approved by the workmen's compensation commissioner and in due time the claimant appealed to the district court.

The appeal was heard in the district court which found that claimant had failed to make written claim for compensation as provided for by law and that the findings and award of the commissioner should be affirmed, and it rendered judgment accordingly. The claimant then perfected her appeal to this court, where she specifies that the district court erred, as a matter of law, in finding she had failed to make written claim within the time prescribed by

the statute, in affirming the findings and award of the workmen's compensation commissioner, and in not awarding her compensation for disability and medical expense for treatment.

In a preliminary way it is observed that there is no contention that after December 21, 1951, the claimant was paid any compensation in money for disability, except as hereafter noted; that it is inherent in the district court's findings that claimant received no medical treatment as an equivalent for compensation, after December 21, 1951; that on appeal taken from the judgment of the district court to this court in a workmen's compensation case, under G. S. 1949, 44-556, our jurisdiction is limited to questions of law, and we shall not elaborate thereon. Whether a claim for compensation has been filed in time is primarily a question of fact (*Moore v. Dolese Brothers Co.,* 171 Kan. 575, 236 P. 2d 55). We review the record only to determine whether the testimony in the light most favorable to the prevailing party, sustains the judgment of the district court (*Silvers v. Wakefield,* 176 Kan. 259, 260, 270 P. 2d 259), and only in the event the evidence is undisputed, is the question one of law for this court.

In addition to filing an abstract of the testimony, appellant has submitted a transcript of the record before the examiner and asked that it be considered and that has been done. In view of the rule above stated, we are not concerned with testimony tending to support her contentions, but whether there is testimony tending to refute them. If there is dispute, we are bound by the judgment of the trial court. If the evidence is undisputed, there may be a question of law whether the facts are sufficient to support the judgment.

In view of the issue presented we need not review the evidence at length. It did show that on December 5, 1951, the claimant, while carrying a piece of equipment weighing about 60 to 70 pounds, slipped and strained the lower part of her back and that she was given treatment therefor by the corporation. She testified that the corporation's doctor sent her to her own doctor for treatment which she received, and he advised her to get a support for her back, which she did. On reporting to the corporation she was told to see Dr. Sutter, who told her she should get a different support. Claimant testified she saw Dr. Sutter three times, the last on December 21, 1951, when he told her to return to work on December 26 at which time he told her not to bend or to lift any-

thing heavy. She then reported to Dr. Trees, whom she had first seen, and he gave her a slip to take back to the corporation that she was to do no bending or heavy lifting. She returned to work and was given no work requiring the lifting, but she did work requiring stooping and bending. Dr. Sutter testified that he examined claimant; that X-rays disclosed claimant had a narrowing of the fifth lumbar interspace and he told claimant that she had had an unstable back all of her life; that she had strained her back and would continue to strain it; that she would recover from a particular strain and then suffer a new one as the difficulty with her back was probably congenital; that on December 21, 1951, she had recovered from the effects of the injury sustained on December 5, 1951; that when on December 21 he directed her to return to work on December 26 she was not complaining of anything; that he had advised her she would continue to have trouble with her back as long as she lived unless she did one of two things, either wear a well fitting girdle fitted to her back or have an operation that would stabilize the joint in her back. Claimant also testified she had had trouble with her back when previously employed at the Beech aircraft works.

Appellant's principal argument is that when Dr. Sutter and other doctors employed by the corporation told her that she should wear a girdle that such advice was treatment which she was pursuing when she returned to work on December 26, 1951, and thereafter and that December 26, 1951, was within 120 days of the date on which she filed her claim for compensation; that there is no dispute in the evidence, and this court should declare as a matter of law that her claim was filed in time. On this particular point she relies on our decision in *Rupp v. Jacobs*, 149 Kan. 712, 88 P. 2d 1102.

In our opinion it may not be said there is no dispute in the evidence in the instant case. There was testimony that on December 21, the claimant had entirely recovered from the injuries she had sustained December 5. That was directly in opposition to her claim that she had not recovered and that she was receiving treatment therefor by wearing a girdle.

From the evidence the court was entitled to conclude that the advice as to wearing a girdle was not to cure the injury of December 5, but to prevent a reinjury from strain on her congenitally weak back. But even if it be assumed for purposes of argument there was no dispute, there was no direct testimony nor may any infer-

ence be drawn from the testimony that the wearing of a girdle or the refraining from heavy lifting was any treatment for the injury of December 5. This case is clearly distinguishable on the point from the Rupp case where the district court had found that claimant had not recovered from his injury and was advised to return to work, that "work will be the only thing that will fix you up."

If it be assumed that claimant in the instant case had not recovered on December 21, and that assumption would be against the record, there is no testimony whatever that any doctor advised her that return to work, with or without a girdle, would promote her recovery, or that she returned to work by reason of such advice.

Some contention is also made that because the claimant returned to work at the same wages and did lighter work, that it is to be assumed that a part of her pay was for lighter service performed and the remaining part was compensation, reliance being placed on the Rupp case above cited. The record does not disclose that she returned to work at the same wages. In any event, if claimant was recovered on December 21, 1951, as the evidence showed, work or wages subsequent to her return on December 26 may not be interpreted as compensation. The factual situation is clearly distinguishable from the Rupp case and that case is not controlling.

Although the case is distinguishable from the instant one, reference is made to the opinion in *Angleton v. Foster Wheeler Construction Co.*, No. 39,527, this day decided (see *post* 134) where principles of law applicable here are discussed.

We conclude that the district court did not err in concluding that the appellant's claim for compensation was not filed within the statutory time, and its judgment is affirmed.