No. 39,527

HAROLD L. ANGLETON, *Appellant,* v. FOSTER WHEELER CONSTRUCTION COMPANY and AETNA CASUALTY AND SURETY CORPORATION, *Appellees.*

(276 P. 2d 325)

Opinion filed November 13, 1954.

*Alvin F. Grauerholz,* of Coffeyville, argued the cause and was on the briefs for the appellant.

*Jay W. Scovel,* of Independence, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is a workmen's compensation case. The district court denied the claim and the workman appeals. Where necessary to differentiate between appellees, we will refer to them as the respondent and the insurance carrier.

The issue on appeal is whether the claim was filed within the one hundred twenty day period provided by G. S. 1949, 44-520a. The period in controversy is the time between the last furnishing of medical treatment and the filing of the claim. The furnishing by an employer of medical treatment or care following injury is compensable under the act and is tantamount to payment of compensation within the meaning of G. S. 1949, 44-510; 44-520a; *Richardson v. National Refining Co.,* 136 Kan. 724, 18 P. 2d 131, and tolls the statute of limitations; *Larrick v. Hercules Powder Co.,* 164 Kan. 328, 331, 188 P. 2d 639. ·

The specific issue presented is whether the claim for compensation was served on the employer within one hundred twenty days after *respondent or its insurance carrier furnished* medical aid to appellant. The district court found it was not. This court has no original jurisdiction in compensation cases. Our review is limited solely to questions of law. (G. S. 1949, 44-556; *Justice v. Continental Can Co.,* 174 Kan. 539, 257 P. 2d 564.) The court, therefore, does not review the record to ascertain whether it contains evidence to support a contrary finding, but only whether there is substantial competent testimony to support findings made by the district court. (*Holler v. Dickey Clay Mfg. Co.,* 157 Kan. 355, 139 P. 2d 846; *Vocke v. Eagle-Picher Co.,* 168 Kan. 708, 215 P. 2d 185.) The district court made rather extensive findings of fact in support of its conclusion the claim was not filed in time. We deem it unnecessary to encumber the record with a recitation of all of them and the evidence in support thereof. It will suffice to direct attention to some of the testimony which supports the findings of which appellant complains. Before referring thereto we shall briefly mention a few facts not in dispute.

On September 19, 1952, appellant "barked" some skin from his left ankle as he came in contact with a piece of lumber. Charles E. Stephenson of Neodesha, respondent's doctor, treated appellant until October 21, 1952. He concluded the injury required surgery

or skin grafting. Appellant was asked whether he had a preference of doctors for that purpose and he advised he preferred to have the services of Dr. Steven G. Ellis, of Coffeyville, appellant's home town, stating Dr. Ellis had treated members of his family. Appellant's choice was agreeable to appellees. Dr. Ellis performed services for appellant from October 21, 1952, until December 20, 1952, at which time he advised appellant he could return to work and directed him to turn in his report.

Although there is some dispute relative to some portions of other testimony there was evidence which supported the trial court's findings. It, in substance, was: Dr. Ellis completed his services and discharged appellant on December 20, 1952, as recovered and able to return to work and so advised appellant; that was the last service Dr. Ellis performed for appellant at the request or expense of respondent or its insurance carrier; at the time he discharged appellant he made a final report to both appellees and submitted his bill, which was paid in full; Dr. Ellis at that time informed appellant he had turned his report in to the company and that he was "done with the case" and was "completed with the company." Other testimony disclosed that after Dr. Ellis discharged appellant and advised him on December 20, 1952, he had completed his work for the company, the adjuster for the insurance carrier wrote appellant on December 23, 1952, as follows:

"Dear Mr. Angleton:

"We have been advised by Dr. Ellis that your disability terminated on December 21, 1952, and we find that we owe you an additional two days of disability, which is $7.12.

"We attach our draft in that amount. We also attach releases which we would appreciate your signing before a notary public and returning them to us in the self-addressed, stamped envelope which we attach.

"If you have any questions, feel free to call upon the writer."

The adjuster testified, in substance:

The foregoing letter was mailed with proper postage, was received and the enclosed check was cashed by appellant; there was no subsequent correspondence between him and Dr. Ellis with respect to further treatment of appellant after December 22, 1952, until the insurance claim was filed (it was filed on August 10th or 21st, 1953); there had been no request for additional medical services by appellant, Dr. Ellis or any other doctor.

There is some confusion in the record relative to the exact date on which the claim for compensation was served on the respondent

employer. The earliest date indicated is August 10, 1953, and for present purposes we may accept that date as it is accepted by appellees.

Appellant relies on treatment he received from Dr. Ellis after December 20, 1952, to toll the time for serving notice of claim. Dr. Ellis further testified, in substance:

He did not see appellant again until some time in February, 1953, about six weeks or two months after discharging him on December 20, 1952, and after having completed his services for appellees; he again told appellant he had completed his work for the company when he turned in his final report on appellant; his services after December 20, 1952, were at appellant's own expense and he later billed appellant therefor; he did not bill either of the appellees for the later services; so far as he knew appellees had no knowledge of the fact he was treating appellant after December 23, 1952; he had no agreement whatsoever with them with reference to the later treatment.

Appellant denied Dr. Ellis told him he was discharged on December 20, 1952. That, of course, created a conflict in the testimony which only the district court could resolve. In any event, appellant stated the first time he knew the insurance company was not taking care of him was on the occasion when Dr. Ellis so advised him at the foot of the stairway to his office. That was in February, 1953. Ample time remained for the filing of the claim after February, 1953. The claim was not filed until approximately five and one-half months later.

Appellant argues Dr. Ellis's service was a continuing service and did not end until May 5, 1953. Under the circumstances indicated we think the services of Dr. Ellis cannot properly be said to constitute a continuing service which would toll the running of the statute. There was a clear break in the services. There was testimony appellant was discharged, directed to turn in the doctor's report to the respondent and to return to work. Appellant was informed his disability was terminated on December 21, 1952. He accepted the balance of the compensation due to that date. There is not the slightest intimation appellant thereafter notified either appellee he was in need of further medical attention. The evidence is he did not. Moreover, the record affirmatively discloses neither of the appellees furnished medical treatment or care thereafter.

Appellant argues he was not notified by Dr. Ellis until May 5,

1953, that he no longer represented the insurance company. The district court apparently did not adopt that contention. In any event, the claim was not served on respondent until August 10, 1953, which was more than one hundred twenty days from December, 1952, that being the last month in which services were furnished by appellees.

It may be well to emphasize this is not a case in which respondent or its insurance carrier leads a workman to believe it will furnish medical care and thereafter withdraws such treatment or care wholly without the workman's knowledge or consent.

Appellant states the following decisions support *the examiner's findings,* which entitle him to an award: *Bishop v. Dolese Brothers Co.,* 155 Kan. 288, 124 P. 2d 446; *Kauffman v. Co-operative Refinery Assn.,* 170 Kan. 325, 225 P. 2d 129; *Moore v. Dolese Brothers Co.,* 171 Kan. 575, 236 P. 2d 55; *Justice v. Continental Can Co.,* 174 Kan. 539, 257 P. 2d 564. On appellate review we are not concerned with the examiner's findings or award but only with the findings and award of the district court. Neither the cited cases nor any other of which we are aware requires a reversal of the findings and judgment of the district court in the light of the instant record.

There was ample testimony to support the findings complained of and the judgment that the claim for compensation was not served on the employer within one hundred twenty days after the last medical care furnished by appellees. We may further say there also was abundant proof by the doctor, and in the letter of the insurance carrier under date of December 23, 1952, to support the finding that appellant knew appellees were not furnishing medical care after appellant's discharge by Dr. Ellis on December 20, 1952. Appellant acquiesced in the letter which advised him the disability for which Dr. Ellis was employed to treat him had terminated and that he was entitled to two days' additional compensation, for which a check was enclosed. He accepted and cashed the check.

The judgment of the district court is affirmed.