No. 32,832

Merle T. Graham, *Appellee*, v. Pomeroy & Graham, and The Standard Accident Insurance Company of Detroit, *Appellants*.

(57 P. 2d 19)

Opinion filed May 9, 1936.

*A. B. Keller, George R. Malcolm, C. A. Burnett,* all of Pittsburg, and *Martin O. Updegraff,* of Kansas City, Mo., for the appellants.

*C. O. Pingry,* and *Carl Pingry,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

Harvey, J.: 'This was a workmen's compensation case. The legal question presented is whether the claim for compensation was made in time. The trial court held it was. The employer and the insurance carrier have appealed.

Plaintiff was in the employ of Pomeroy and Graham, bakers, operating under the workmen's compensation act. He sustained an accidental injury within the meaning of the act on February 20, 1933. He had taken out a medicial service certificate with the Pittsburg clinic, at his own expense, where he was treated for some time. He continued to work, with the exception of the time from August 8 to August 19, until March 8, 1934, when he quit, because of his injury. From December 23, 1933, to April 26, 1934, his employers paid him various sums aggregating $79.56 as compensation, and within the same period paid for his medical treatment, or some of it. On April 9, 1934, he filed his claim for compensation.

There is no claim that any compensation was paid, or any medical service furnished by his employers prior to December, 1933. The statute (R. S. 1933 Supp. 44-520a) requires the written claim for compensation to be made within ninety days after the accident, or, if compensation is paid, within ninety days after payment of compensation ceases. This is imperative; it cannot be waived.

(*Klein v. McCullough,* 135 Kan. 593, 11 P. 2d 983.) It is clear if the claim had been made in this case any time after May 21 and before December the claimant could not have recovered.

Claimant's contention in effect is that notwithstanding the fact the time had gone by within which he could file his claim for compensation, and several months had elapsed, the fact this employer paid him something as compensation revived his lost right to file his claim and recover compensation. We cannot agree to this view. When the time provided by statute within which to file a claim for compensation has passed the right to recover compensation under the statute is lost and cannot be revived by subsequent voluntary payments of compensation by the employer. We regard this as the proper interpretation of the statute and to be consistent with our former decisions.

Claimant cites and relies on *Ketchell v. Wilson & Co.,* 138 Kan. 97, 23 P. 2d 488. There the claimant was injured February 25, 1932; the claim for compensation was made September 9, 1932. The claim was held to be in time. The opinion disclosed medical attention furnished by the employer June 10 and on subsequent dates to within ninety days of the filing of the claim. The opinion also discloses the claimant's injury was X-rayed and that she received medical attention from the date of the injury without stating specifically who paid for or furnished the earlier medical attention. A reëxamination of the abstract disclosed the employer furnished all the medical attention from the date of the injury to August 26. Hence the case is not in point.

The judgment of the court below is reversed with directions to render judgment for respondents.