No. 34,223

JAMES LEE SMITH, *Appellant*, v. SONKEN-GALAMBA CORPORATION, *Appellee.*

(88 P. 2d 1114)

Opinion filed April 8, 1939.

*C. D. Bruce,* for the appellant.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips, Bernhard W. Alden, Patrick B. McAnany* and *Thomas M. Van Cleave, Jr.,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding for workmen's compensation. The commissioner of workmen's compensation made an award denying compensation. This award was approved by the district court on appeal. Claimant appeals from that judgment.

Claimant on April 29, 1937, met with a personal injury by accident arising out of and in the course of his employment. At the time of the injury claimant and respondent were governed by the workmen's compensation act. There is no dispute about these facts. Immediately following the accident respondent provided medical treatment until claimant returned to work on July 19, 1937. There is a dispute about whether claimant was fully recovered from his accidental injury at the time he returned to work, but since the trial court made a finding of fact on disputed evidence that he was fully recovered, that finding is final and will not be disturbed by the court on appeal.

During the time that claimant was away from his work, that is,

from April 29, 1937, to July 19, 1937, respondent paid claimant the sum of $120.45, the full amount of compensation due claimant under the workmen's compensation act. No payments for compensation were made to claimant subsequent to July 19, 1937.

Claimant was laid off by respondent on December 6, 1937, on account of necessity for respondent to reduce the number of employees, due to business conditions.

On December 29, 1937, claimant went to the office of respondent and complained that his foot, which had been injured on April 29, 1937, was sore. Respondent referred claimant to the same doctor who had treated claimant when he was injured. This physician found that claimant was suffering from a blister on his foot which had no connection with the injury sustained on April 29, 1937.

No claim for compensation was made by claimant until March 2, 1938. There is an argument by claimant as to a release that was signed by claimant on July 27, 1937. Claimant argues that this release was obtained by fraud on the part of respondent. Claimant also argues that this release should be treated as a claim for compensation. On that account, the finding of the trial court with reference to it will be set out here. It is as follows:

"After claimant returned to his work following said accident and on July 27, 1937, claimant signed a receipt and release in full settlement and satisfaction of all claims for compensation on account of the injury suffered by him by reason of the accident on April 29, 1937. Claimant was not induced to sign said release through any mistake or fraud, but said release is defective because it was not acknowledged by the claimant before a notary public although it purports to be so acknowledged."

It will be noted that the claim for compensation was filed much more than ninety days after the injury on April 29, 1937, and more than ninety days after July 19, 1937, which was the date when the last payment of compensation was made. A claim for compensation must be made within ninety days of one or the other of those dates, except when the injury result in death to the employee. (See G. S. 1935, 44-520a.) The statute (G. S. 1935, 44-527) provides that an action to set aside a release on account of fraud may be brought within a year of the time when the release was signed, but such an action does not revive a claim that was not made in time. (See *Skinner v. Dunn Mercantile Co.,* 132 Kan. 559, 296 Pac. 341.)

Claimant makes the argument that the release he signed on July 27, 1937, should be treated as a claim for compensation. Cases

where we have held that claims did not have to be in any particular form are cited and relied on. It is true that claims do not have to be in any particular form and this court will consider all the surrounding facts and circumstances to ascertain whether a writing is sufficient to constitute a claim for compensation. The fact is that the trial court and the commissioner in this case considered the surrounding facts and circumstances and found that this document was not a claim for compensation, but a release. The only difference it made is that had it been necessary for the respondent to rely on this release it would have been unavailing because it was not notarized properly. That failure, however, does not operate to change a release into a claim for compensation. It is quite clear that what claimant had in mind when he signed this paper was not a claim for compensation, but a release from liability for it.

Claimant also contends that his claim filed on March 2, 1938, was within ninety days from December 27, 1937, the day when he complained to his former employer about his foot hurting him, and hence was made in time. There are three reasons why that argument is not good. The first one is that the trial court found on disputed evidence that claimant was fully recovered on July 19, 1937, when he returned to work. The second one is that the trial court found on disputed evidence that the doctor found the trouble from which claimant was complaining on December 27, 1937, had no connection with the accidental injury sustained on April 29, 1937. Neither one of these findings can be disturbed by this court on appeal. Another reason is that from July 19, 1937, to December 27, 1937, no payments of compensation were made or medical treatment furnished claimant. Compensation paid or medical treatment furnished after the ninety-day period had passed did not revive appellant's right to make a claim. (See *Graham v. Pomeroy*, 143 Kan. 974, 57 P. 2d 19.)

Aside from the question about the release, and that the claim was not made in time, it appears from the court's findings that claimant had fully recovered from his accidental injury and the later trouble had no connection with the accidental injury. These findings would have compelled a judgment for the respondent.

Complaint is made about the conduct of the trial court. We have examined the record and find this complaint to be without foundation.

The judgment of the trial court is affirmed.