No. 36,408

Louis C. Lane, *Appellee*, v. St. Louis Smelting and Refining Company, *Appellant*.

(163 P. 2d 362)

Opinion filed November 10, 1945.

*W. L. Cunningham*, of Arkansas City, argued the cause, and *D. Arthur Walker, Wm. E. Cunningham*, both of Arkansas City and *W. F. Boyle* and *G. T. Priest*, of St. Louis, Mo., were on the briefs for the appellant.

*Sylvan Bruner* and *Pete Farabi*, both of Pittsburg, argued the cause, and *Joe L. Henbest*, of Columbus, was on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was a proceding under the workmen's compensation act. At the hearing before the compensation commissioner, by reason of stipulations made, the only questions in issue were whether claimant suffered an accidental injury, and if so whether it arose out of and in the course of his employment, the nature and extent of his disability, if any, and the amount of compensation due, if any. On the evidence adduced, an award of compensation was denied the claimant, who appealed to the district court. The district court found that claimant sustained an accidental injury on June 21, 1944, which arose out of and in the course of his employment, and became and was totally disabled from performing normal and physical labor and that the period of time he would be disabled in the future was indefinite and problematical, and judgment for an award was rendered accordingly. The respondent has appealed to this court.

After appellant's abstract was filed, appellee filed his motion that the appeal be dismissed for the asserted reason the specification of errors presented no question for appellate review. Consideration of that motion was postponed until the hearing on the merits. Without going into any details of fact, or statement of reasons, the motion to dismiss is denied.

In its brief appellant makes it clear that it does not rest its appeal on any proposition of preponderance of the evidence, or greater weight of the evidence, or on controverted or disputed evidence, but solely on the proposition there was no substantial competent evidence to support the trial court's judgment and that appellee's claim is based on guess, speculation and conjecture. No other question is presented for our consideration. Our attention is directed to certain of our cases holding there must be substantial competent evidence to support an award and to cases from other jurisdictions holding that when evidence tends equally to sustain either of two inconsistent propositions neither position can be said to have been established by legitimate proof.

In our reports may be found many decisions to the effect that in an appeal under the workmen's compensation act, we are concerned only with evidence which tends to support the findings, award and judgment, and not with evidence to the contrary. See, e. g., *Stanley v. United Iron Works,* 160 Kan. 243, 245, 160 P. 2d 708; *Scott v. Kansas Western Pipe Line Co.,* 158 Kan. 160, 163, 146 P. 2d 366; *Thompson v. Swenson Construction Co.,* 158 Kan. 49, 56, 145 P. 2d 166; *Walker v. Finney County Water Users Assn.,* 150 Kan. 254, 257, 92 P. 2d 11; *Leamos v. Wilson & Co.,* 136 Kan. 613, 616, 16 P. 2d 490; and cases cited in the above. Our summary of the facts shown by the evidence is made in view of that rule.

Claimant was a miner who prior to June 21, 1944, was in good health, never having had any fever, cough or pulmonary difficulties. On that day he was operating a drilling machine used in the mine when a part gave way and the drill fell, throwing a heavy weight on his arms and twisting him around so that his back, chest and lungs were injured. He had a helper who assisted him and during the remainder of the day he did no heavy work. He worked the next day under the same conditions. On the second day after the accident he was sent to a Doctor Connell at Picher, Okla., for professional treatment and after five days that physician released him as able to work and he then worked for two weeks. During that

time he did no heavy work. During that period he was short winded, his lungs hurt and he felt like he was burning. He was sent back to the same doctor who told him there was nothing wrong with him. Later, at the contested hearing before a War Labor Board, he was given release from his employment and he then consulted Doctor Spearing at Columbus, Kan., and he was also examined by Doctor Newman, of Pittsburg, Kan. The contention that the evidence is speculative and conjectural and that it does not constitute substantial, competent evidence, grows out of the following:

Doctor Spearing, whose qualifications were admitted, testified that he had made an X-ray examination of claimant's chest on June 28, 1944, and that he made a later examination on October 20, 1944, and made a written report which was admitted in evidence. Reference to that report is made later. He further testified with reference to the history of the case that he found mucous rales, temperature of 99°, and assuming witness's statements to be true and considering the X-ray pictures and the physical examination, that he thought it likely the accident precipitated the pains in claimant's chest and the symptoms from which he suffered, and that claimant was unable to work, and that his injury of June 21, 1944, was the probable cause of his condition. On cross-examination he testified claimant did not have active tuberculosis; that he did have beginning silicosis. After other questions and answers, the doctor was asked, "And this is all your guess based on the history, is that right?" and answered, "That's right." It is this question and answer around which the appellant's contention swings.

The following must also be noted: As has been said, Doctor Spearing's written report was received in evidence. It was stipulated that Doctor Newman would testify as set forth in that report. No purpose would be served by setting out the report in full. In that report a review is made of the X-ray pictures and that other than normal lung conditions appear; that a diagnosis of silicosis was made; that patient complained of cough and had fever; that in view of the findings and history of the accident, "it is highly probable that such injury precipitated the pains in this man's chest and the symptoms from which he is suffering, such a strain apparently caused an aggravation of his pulmonary condition, silicosis. In my opinion, at this time this man is physically unable to perform man-

ual labor, and will be so disabled for an indefinite time." Under the stipulation that was the testimony of Doctor Newman.

Doctor Connell, although not in agreement with Doctor Spearing and Doctor Newman as to cause of claimant's condition, testified that if claimant's history as given on October 17, 1944, was true, and that he had pain if he attempted light work, was soon out of breath, had pain in his chest and lungs, had elevation of temperature and weakness and nervousness so severe he was unable to walk at times, then claimant was unable to work.

Appellant directs our attention to *Pashea v. Terminal Railroad Ass'n of St. Louis*, 350 Mo. 132, 165 S. W. 2d 691, 696, where it was held that plaintiff's evidence must be considered as a whole and if so viewed one part destroys the other, then it amounts to nothing, is not substantial evidence and will not sustain a verdict. Even if that were the rule here it would not avail appellant. Appellant seeks to magnify out of all proportion the use of its attorneys' language, "this is your guess," and the doctor's response, "that's right." Not only did Doctor Spearing testify more positively than mere guess, but Doctor Newman, whose testimony was not qualified in any manner, testified positively, as more fully stated before.

In our opinion causal connection between the accident sustained by claimant and claimant's condition at the time of the hearing before the workmen's compensation commissioner was established by substantial, competent evidence, and that being the case, the judgment of the trial court awarding compensation should be and it is affirmed.