No. 36,565

FRANCITA SOLORIO, *Appellee*, v. WILSON & COMPANY (Self Insurer), *Appellant*.

(169 P. 2d 822)

Opinion filed June 8, 1946.

*Leonard O. Thomas*, of Kansas City, argued the cause, and *Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder* and *Lee E. Weeks*, all of Kansas City, were on the briefs for the appellant.

*A. M. Etchen,* of Kansas City, argued the cause, and *Wm. H. McHale,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: In this case the employer, a self insurer, appeals from an award made to one of its employees under the workmen's compensation act.

At the hearing before the commissioner the parties stipulated the questions at issue were: (1) Whether claimant met with a personal injury by accident arising out of and in the course of his employment and, if so, the nature and extent of the disability and amount of compensation due, if any; (2) whether proper notice of injury was given; and (3) whether written claim for compensation was made within the time and in the manner required by law.

After hearing the evidence the commissioner resolved all issues in favor of the claimant and made an award accordingly.

The respondent appealed to the district court where, with a minor correction as to the amount of compensation allowed, judgment was rendered affirming such award.

No useful purpose would be served by a detailed relation of all the facts disclosed by the evidence. Appellant contends there was no substantial evidence to justify the commissioner's finding it knew the claimant had suffered an accidental injury and necessarily, as an incident thereto, argues that it did not neglect or refuse to seasonably provide the medical benefits required by G. S. 1943 Supp., 44-510. On these points we have examined the record and upon giving appellee's evidence the benefit of all inferences to which it is entitled under our decisions (*Burk v. American Dist. Tel. Co.,* 160 Kan. 519, 522, 163 P. 2d 402; *Lane v. St. Louis Smelting & Refining Co.,* 160 Kan. 495, 496, 163 P. 2d 362; *Stanley v. United Iron Works Co.,* 160 Kan. 243, 160 P. 2d 708; *Holler v. Dickey Clay Mfg. Co.,* 157 Kan. 355, 139 P. 2d 846; and cases therein cited), have concluded appellant's position with respect thereto cannot be sustained. We proceed, therefore, on the premise there was notice of the injury and refusal to provide medical benefits.

The all important question presented by this appeal is whether written claim for compensation was served upon appellant within the time required in order for an employee to maintain a compensation proceeding under the workmen's compensation act.

With respect to service of claims for compensation G. S. 1943 Supp., 44-520a, reads:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, or by delivering such written claim to him by registered mail within one hundred twenty days after the accident, or in cases where compensation payments have been suspended within one hundred twenty days after the date of the last payment of compensation; . . ."

There can be no dispute about the pertinent record evidence necessary to our determination of this question. Briefly the decisive facts can be summarized thus: The claimant was accidentally injured on November 20, 1943. On November 23 following, he went to the office of the company doctor and was there examined by a nurse and given some tablets and liniment. He did not see the doctor. On the 8th day of December, 1943, he went to a physician of his own choosing, one Nicolas Jaime, M. D., who came to see him at his home the following day and thereafter treated him until at least the first day of March, 1944. On December 26, 1943, he did go to the office of the company doctor but did not see him. At that time the company nurse advised him the doctor could not take care of him and he received no treatment and was given no medicine. Except for what took place at the office of the company doctor on November 23 and December 26 claimant made no further attempt to obtain and received no attention of any kind from the company's medical representatives until May 29, 1944. On that date he went again to the office of Eldon S. Miller, M. D., the company physician, and for the first time saw him and talked with him about his condition. Thereafter, and on August 23, 1944, he made written claim for compensation.

For reasons presently to be disclosed it will not be necessary to relate what took place at the office of Doctor Miller on the date last mentioned, except to state that on such occasion the doctor did not treat him but a nurse did give him some tablets.

One other fact should be noted. Under conditions not disclosed by the record there was maintained, either by the company or the company's employees, a fund for the benefit of the latter known as the Wilson Employee Mutual Benefit Fund, described by appellee as an "Employees Benefit Insurance Policy." During the time claimant was being treated by Doctor Jaime he applied for and received benefits from this insurance fund on certificates of that physician certifying that claimant was being treated by him for cholecystitis (inflammation of the gall bladder), hypoglycemia

(low blood sugar) and hypotension (low blood pressure). Such certificates contained the express statement there were no complications or contributing causes which would prolong the patient's disability. The record is not clear as to the date of the receipt of these benefits but for our purposes we will assume they were made within the limitation period of the statute.

From the foregoing summary of the facts, having to do with the question of whether the claim was filed in time, it is apparent that more than 120 days had elapsed between December 26, 1943, and May 29, 1944, and it becomes immediately obvious that in order to avoid the bar of the section of the statute heretofore quoted something must have happened which tolled its provisions as a matter of law. Otherwise claimant cannot maintain this proceeding for, under our decisions, it has not only been decided that a claim for compensation cannot be entertained unless it is made in writing and served upon the employer within the time provided in G. S. 1943 Supp. 44-520a, but also held that a claim once barred under its provisions cannot be revived by subsequent voluntary payments on the part of the employer, irrespective of whether such payments be in the form of actual compensation or the furnishing of medical attention (*Graham v. Pomeroy*, 143 Kan. 974, 57 P. 2d 19; *Smith v. Sonken-Galamba*, 149 Kan. 693, 695, 88 P. 2d 1114, and *Pittman v. Glencliff Dairy Products Co.*, 154 Kan. 516, 119 P. 2d 470).

To avoid the limitation of the statute appellee advances the novel theory that under the workmen's compensation act of this state the procurement of medical attention on his own account by an employee claiming to have suffered injury, after refusal or neglect of his employer to furnish such attention, constitutes the payment of compensation within the meaning of G. S. 1943 Supp. 44-520a and, so far as the filing of a claim is concerned, has the same force and effect as if it had been furnished voluntarily by such employer.

As supporting his position he directs our attention to G. S. 1943 Supp. 44-510(1), providing that under the circumstances therein set forth an employee may provide medical services for himself and make the employer liable therefor and points to our decisions (*Richardson v. National Refining Co.*, 136 Kan. 724, 18 P. 2d 131; *Ketchell v. Wilson & Co.*, 138 Kan. 97, 23 P. 2d 488, and *Pittman v. Glencliff Dairy Products Co.*, supra), holding that the furnishing of medical aid to an injured employee is tantamount to the pay-

ment of compensation and tolls the running of the limitation statute.

That appellee's contention is not free from doubt and entitled to serious consideration. is evidenced by the finding of the commissioner with respect to it and the conclusion of the capable jurist who, on appeal to the district court, sustained the award. The commissioner's finding on the point involved reads:

"Our Supreme Court has held that the furnishing of medical attention is furnishing of compensation and tolls the statute of limitations. This nurse furnished liniment and pills for treatment on November 23, 1943. Dr. Jaime began treatments January 10, 1944. At that time the 120-day period had not run. Dr. Jaime continued to furnish treatment, according to the evidence above noted, until at least the first of March, 1944. No period of 120 days elapsed between January 10, 1944, and March 1, 1944. During the month of May, 1944, claimant testified, the nurse furnished further pills and treatment. Assuming the time to have been May 1st or 31st, and giving the respondent the benefit of the doubt, written claim having been made by August 24, 1944, was therefore made in time. It is therefore found that written claim for compensation was made within the time required by law."

In passing, it should perhaps be noted the appellee's contention, and the commissioner's finding, each depends not only upon the conclusion that medical services procured by a claimant on his own account are tantamount to payment of compensation, but the additional proposition that after the date on which such outside services have been discontinued, the giving of voluntary medical attention or treatment on the part of the employer to the employee within 120 days thereafter, can be tacked to the rendition of the outside services for the purpose of circumventing the provisions of the statute and the force and effect given by our decisions to medical treatment furnished after the statutory period has expired. Decision of the latter proposition is, of course, unnecessary unless appellee's contention on the first, and as we have heretofore indicated the all important one, to which we now direct our attention, is sustained.

Appellee cites no authorities to support his position the procurement of outside medical services is the equivalent of payment of compensation and an extended search of our own decisions fails to reveal any which do so. True enough, we have held in cases to which we have heretofore referred, that the furnishing of medical aid to an injured employee constitutes payment of compensation but an examination of those decisions will reveal that in each and every case the medical attention was furnished by the employer. That is not the situation in the case at bar and those decisions are not determinative of the question now presented.

We now have to decide for the first time the question whether the procurement of outside medical attention by an employee without authorization of his employer, either express or implied, has the same force and effect as medical attention voluntarily furnished. Necessarily, since the right to recover compensation is purely statutory, its decision depends upon the language of the statute itself. What the act provides is that no compensation proceeding can be maintained unless written claim for compensation shall be served upon the employer within 120 days after the accident, or in cases where payments have been made and then suspended within 120 days after the date of the last payment.

It is one thing to hold medical services furnished are compensation, but quite another to determine that outside services of that character when procured by the employee are tantamount thereto. Judicial construction permits the first conclusion for the simple reason that any recognition of liability on the part of the employer by the furnishing of medical attention is a part of the compensation to which the employee is entitled to receive from such employer under the act, and therefore tolls the statute, but precludes the second for the equally sound reason that there is nothing in its terms, either express or necessarily implied, which permits a construction that the procurement of outside medical treatment by the employee is payment of compensation by the employer. To so hold would be reading into the act something which is not there and a judicial invasion of the powers conferred upon the legislature by the constitution. Therefore, it follows that the procurement of Doctor Jaime's services by the appellee did not amount to payment of compensation by the appellant and did not extend the period of time in which appellee had to make written claim for compensation. By the same token, under the facts presented by the record, appellant had 120 days from December 26, 1943, the date on which he states he was advised by the nurse the company physician could not take care of him, to make his claim for compensation. Having failed to make it until August 23, 1944, it was barred by the provisions of G. S. 1943 Supp. 44-520a, and no longer enforceable. The fact he was given pills by the company nurse on May 29 of the same year is of no benefit to him, since, as we have seen, a claim once barred cannot be revived even by subsequent voluntary payments of compensation by the employer.

So far as we have been able to discover there is but one decision

in this jurisdiction which, even by inference, touches upon the question just decided. In *LaFever v. Olson Drilling Co.*, 142 Kan. 431, 49 P. 2d 967, a claimant had not filed his claim within 90 days (now 120) from the date he knew the employer had denied liability, notwithstanding that during the limitation interim he had received treatment from the respondent's doctor which he himself paid for and which would have tolled the statute if it had been furnished by the company. Although not directly in point that case fortifies, if in fact it does not actually uphold, our conclusion.

In support of his position appellee points to that portion of G. S. 1943 Supp. 44-510, which reads:

"If the employer has knowledge of the accidental injury and refuses or neglects to seasonably provide the benefits herein required, the employee may provide the same for himself and the employer shall be liable for such expense subject to the limitations herein expressed: . . ."

The language just quoted is of no avail to him. All it means is that outside medical benefits procured by a claimant entitled to compensation may, under the conditions named therein, be recoverable by him from his employer as a part of a compensation award if upon the filing of his claim in the manner prescribed by law he is successful in its establishment. Here again, to interpret the statute otherwise would be invading the legislative domain. Besides, such an interpretation would in many cases extend the limitation period and result in a nullification of the section of the statute fixing its duration.

One other point requires consideration. It is argued the payments from the "Wilson Employees Mutual Benefit Fund" or the "Employees Benefit Insurance Policy," as the case may be, constituted payment of compensation. Without laboring the question it can be briefly stated that we find nothing in the statute which permits such a conclusion.

Since, because of his failure to make claim for compensation within time, the appellee's action is not maintainable, the question of whether his disability resulted from the accidental injury suffered by him need not be considered.

The judgment is reversed and the cause remanded with instructions to deny an award.