No. 40,590

Wesley W. Rutledge, Claimant, *Appellee*, v. D. D. Sandlin, d. b. a. Sandlin Drilling Company, Respondent, *Appellant*, and Bituminous Casualty Corporation, Insurance Carrier, *Appellant*.

(310 P. 2d 950)

May 11, 1957. Opinion filed

*Robert L. Briley*, of Chanute, argued the cause and *Joe F. Balch*, of Chanute, was with him on the briefs for the appellants.

*Charles H. Apt*, of Iola, argued the cause, and *Frederick G. Apt*, and *Howard M. Immel*, both of Iola, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by respondent and his insurance carrier in a workmen's compensation case wherein the trial court reversed a denial of compensation by the commissioner by reason of the workman's failure to file a claim, as required under G. S. 1949, 44-520a, and holding that claimant did file and serve his written demand within 120 days after medical and hospital services were furnished by respondent to claimant. We shall continue to refer to the parties as they were in the court below.

For the purpose of this appeal the facts are those set out as findings by the trial court which, in brief, were that the claimant, who was a driller's assistant in an oil field, while running tubing into a well, was using a large pipe wrench which slipped and struck the right side of his body, knocked the breath out of him and caused

him to fall to his knees. Claimant felt no pain and was aware of no injury at the time of the accident which happened on August 18, 1954. In May, 1955, claimant began to feel pain and discomfort but continued to work until about August 5, 1955.

In May, 1955, respondent sent claimant to a doctor in Iola where an X-ray revealed two fractures of the eighth rib on the right side. A later visit to a second doctor in Iola on August 4, 1955, resulted in a diagnosis of a sarcoma to the eighth rib. Respondent then sent claimant to the University of Kansas Medical Center at Kansas City where a malignant tumor was removed from the eighth rib by surgery on August 13, 1955.

It was not controverted in the record and the court found that the blow from the wrench ultimately caused the sarcoma and claimant served a proper written demand on November 17, 1955.

The only question involved in this appeal by respondent, therefore, is whether service of the written demand of November 17, 1955, was within the required time. The trial court in its findings determined it was and reversed the commissioner's denial of compensation, which had been made under the provision of G. S. 1949, 44-520a that,

"(1) No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served . . . within one hundred twenty days after the accident. . . ."

The trial court found the claimant served the required written claim within 120 days after medical and hospital services were furnished by respondent.

Before continuing with the trial court's findings, it may be well to mention that this court on appeal in a compensation case reviews only questions of law. ( G. S. 1949, 44-556; *Kober v. Beech Aircraft Corporation*, 177 Kan. 53, 55, 276 P. 2d 335.) We are not concerned with what the commissioner did but only with the district court's findings and award. In regard thereto we review the record only to ascertain whether there is substantial evidence to support the findings of the district court. (*Andrews v. Bechtel Construction Co.*, 175 Kan. 885, 886, 887, 267 P. 2d 469; *Angleton v. Foster Wheeler Construction Co.*, 177 Kan. 134, 135, 138, 276 P. 2d 325.) Both the Kober and Angelton cases involved medical treatment as constituting compensation so as to toll the statute (G. S. 1949, 44-520a) requiring timely service of a written claim.

Absent any qualifying circumstances the written claim for com-

pensation should have been served on or before December 16, 1954, and after that date service of a written claim would have been to no avail. Had medical treatment or something constituting treatment been furnished by respondent during the time from August 18, 1954, to December 16, 1954, we would then be compelled to hold that the statute was tolled until such time as the treatment ceased. (*Graham v. Pomeroy*, 143 Kan. 974, 57 P. 2d 19.)

Before further determination, other findings of the trial court must be considered. It stated that under *Winkelman v. Boeing Airplane Co.*, 166 Kan. 503, 203 P. 2d 171, distinguishing features were present that set our case apart from those where the injury was apparent or determinable immediately following the accident and the complainants simply neglected to avail themselves of the benefits of the law by their failure to file their claims for compensation within the statutory time. In support thereof the trial court quoted from the Winkelman case where this court said,

"There is a twilight zone between clear personal injury by accident, which is covered by the act, and disability, which is not covered by the act. No hard and fast rule can be laid down for cases falling within the zone referred to. Each case depends upon the peculiar facts involved. (*Hoag v. Laundry Co.*, 113 Kan. 513, 516-518, 215 Pac. 295.)" (p. 506.)

The trial court further distinguished between our present case and *Pittman v. Glencliff Dairy Products Co.*, 154 Kan. 516, 119 P. 2d 470. In the opinion of the trial court the legislature by using the word *accident* presupposed an apparent or discoverable injury accompanying an accident since it is the injury and not the accident that is compensable. Finally, in giving force and meaning to the prime purpose of the act—that industry should bear the expense of injuries to workmen occasioned by their employment—the trial court concluded that since the injury was neither apparent nor discoverable until some nine months after the accident, the statutory period for filing a demand did not commence to run until after the furnishing of medical and hospital services by respondent.

Before leaving the legal theory of the trial court—that industry should bear the expense of its workmen's injuries—we may say there is plentiful support for its theory in the Winkelman case and the citations therein contained. The trial court was also correct in finding that each case depends upon the peculiar facts involved in it. We must further agree that the Pittman case, notwithstanding opposition thereto by respondent, is distinguishable from this case

since there was no such furnishing of treatment by respondent in that case.

We have been unable to find any justification for the trial court's finding that the legislature intended the 120 days to commence to run from the time the injury could be or was discovered, and by reason of the rule propounded in *Graham v. Pomeroy*, supra, to which we have long been committed, we must hold the written claim must be filed within 120 days from the date of the accident irrespective of when the resulting injury is discovered. After the expiration of the 120 days any medical treatment or other compensation is ineffective to revive the injured workman's right to file his written claim. It follows the judgment of the trial court must be reversed and compensation denied.

It is so ordered.

FATZER, J., dissents.