No. 119,340

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PAUL H. SCHNEIDER,
*Appellant*,

v.

CITY OF LAWRENCE,
*Appellee*.

SYLLABUS BY THE COURT

1.

The most fundamental rule of statutory interpretation is that the intent of the Legislature governs if the Legislature's intent can be determined. Appellate courts must first seek to discover the intent of the Legislature through the plain language of a statute before resorting to the canons of statutory construction.

2.

K.S.A. 44-534(b) requires workers compensation claimants to apply for a hearing within three years of the date of their accident or within two years of the date of the last payment of compensation. Nothing within the plain language of K.S.A. 44-534(b) prevents a revival of the two-year statute of limitations to timely file an application for a hearing after the running of the two-year statute of limitations when a payment of compensation occurs.

3.

Under the facts of this case, when the employer made a payment of compensation after the two-year statute of limitations to apply for a hearing had run under K.S.A. 44-534(b), the employer revived the employee's two-year-time period in which to file a

1

timely application for hearing. As a result, the employee timely filed an application for a hearing within two years of the employer's last payment of compensation.

Appeal from Workers Compensation Board. Opinion filed February 8, 2019. Reversed and remanded with directions.

*Bruce Alan Brumley*, of Topeka, for appellant.

*Kip A. Kubin*, of Martin Pringle, Attorneys at Law, of Overland Park, for appellee.

Before STANDRIDGE, P.J., PIERRON and GREEN, JJ.

GREEN, J.: Paul H. Schneider appeals the Workers Compensation Board's (Board) decision, finding that both of his claims against the City of Lawrence (City) Fire Department were untimely under K.S.A. 44-534(b). Because Schneider timely filed an application for hearing within the two-year period for the running of the applicable statute of limitations, we reverse the Board's decision and remand for further proceedings consistent with this opinion.

Schneider worked for the City's fire department. The parties do not dispute that he injured his back while working for the City on September 21, 2008, and September 27, 2010.

On January 28, 2016, Schneider filed two applications for hearings, in which he asserted that he had a right to benefits under the Act. In the first application, Schneider stated that his work accident occurred while working for the City on September 21, 2008. In his second application, Schneider stated that his work accident occurred while working for the City on September 27, 2010. Schneider alleged that both of his injuries were to his low back and body as a whole. The City responded that it intended to deny Schneider's applications for benefits as untimely. Schneider asserted that his applications were timely

because the City had provided him authorized medical care for back injuries on December 14, 2015. Schneider argued that the statute of limitations under K.S.A. 44-534(b) was revived upon the City's December 14, 2015 payment.

At the regular hearing before the administrative law judge (ALJ), Schneider testified about his back pain becoming progressively worse after his 2010 injury. He explained that by 2015, it was difficult for him to work. He testified that he went to his personal doctor, Dr. David Fritz, and they discussed him having back surgery. This was the first doctor he had visited since his last physical therapy appointment paid for by the City on February 28, 2012. Schneider testified that his personal health insurance paid for his appointment with Dr. Fritz. Yet, he further testified that his personal health insurance denied his request for back surgery once it learned that his back pain stemmed from work-related injuries. He admitted that after his personal insurance denied his request for back surgery, he contacted the City, and the City sent him to its doctor, Dr. Chris Fevurly.

During discovery, the City called two witnesses: Dr. Chris Fevurly and Gary Cooper, the City's risk manager.

Dr. Fevurly testified that he had treated Schneider for the 20 years that Schneider had been employed with the fire department. He testified that he had also examined him annually for the firefighter fitness exam. He explained that for Schneider's 2008 and 2010 work injuries, he had treated Schneider for "spondylolysis of L5 and then spondylolisthesis grade two of L5 and S1." Dr. Fevurly testified that on December 14, 2015, Schneider returned for another examination, complaining of back pain. He testified that at that examination, Schneider told him he was there because his personal insurance denied his back surgery.

Dr. Fevurly explained that at the end of the examination, he concluded that Schneider's 2008 and 2010 work injuries were the cause for his current ongoing back pain. Dr. Fevurly also explained that Schneider returned to him for treatment on January 18 and 22, 2016, because of increased back pain. He testified that on those dates, he gave Schneider medicine and modified his duties. Dr. Fevurly testified that he told Schneider to schedule another appointment for February 2016, but Schneider never did so.

Cooper testified that as the risk manager he kept records of all payments for work-related injuries made by the City to medical providers and workers compensation claims. Cooper testified that the last medical payment from the City for Schneider's September 21, 2008 injury happened on February 19, 2009. Cooper testified that the last medical payment from the City for Schneider's September 27, 2010 injury happened on June 24, 2012. On cross-examination, Cooper agreed that the City paid for Schneider to see Dr. Fevurly when he reported his back problems in December 2015.

The parties filed briefs with the ALJ. The City argued that the ALJ should deny Schneider's claims because he failed to file his application for benefits within three years of his accidents or within two years from the City's last payment as required under K.S.A. 44-534(b). The City cited *Graham v. Pomeroy*, 143 Kan. 974, 57 P.2d 19 (1936), for the proposition that its payments for Schneider's medical treatment in December 2015 and in January 2016 did not revive the two-year timeline to file an application for hearing. The *Graham* decision interpreted R.S. 1933 Supp. 44-520a—the statute of limitations provision on written claims. Schneider argued that other caselaw supported that medical payments constituted compensation, meaning the City's December 2015 and January 2016 medical payments to Dr. Fevurly constituted compensation for his 2008 and 2010 injuries. Schneider emphasized that nothing within the plain language of K.S.A. 44-534(b) prohibited reviving claims. Thus, according to Schneider, under K.S.A. 44-534(b), his January 2016 applications for hearings were timely because they were well within two years of the City's last compensation payments.

4

In the end, the ALJ denied Schneider's claims for benefits. The ALJ first noted that Schneider's "entire case rests on the two-year clause for the last payment of compensation." Then, the ALJ recognized that the *Graham* decision was old. Nevertheless, the ALJ agreed with the City that the *Graham* decision supported the conclusion that "when the time provided by statute within which to file a claim for compensation under the Act has passed, the right to recover compensation under the statute is lost and cannot be revived by subsequent voluntary payments of compensation by the employer."

Schneider appealed the ALJ's decision to the Board. The Board noted that Schneider had a "compelling" argument. The Board also found that "[f]rom the perspective of strict construction," Schneider should prevail because nothing in the plain language of K.S.A. 44-534(b) prevented time-barred claims from reviving upon an employer's voluntary payment of compensation. Even so, the Board reasoned as follows: that the statute of limitations language for a written claim under K.S.A. 44-520a(a) and that the statute of limitations language for an application for hearing under K.S.A. 44-534(b) are similar. As a result, the Board reasoned that these same statutes should be subject to the same interpretation. The Board further noted that in *Graham*, our Supreme Court held that R.S. 1933 Supp. 44-520a's statute of limitations language prohibited reviving an employee's time-barred claim upon an employer's later voluntary medical payment. Based on *Graham*, the Board felt compelled to affirm the ALJ's decision, concluding that Schneider's claims were untimely under K.S.A. 44-534(b).

*Are Schneider's Claims Timely?*

Schneider's sole argument on appeal is that the Board erred when it ruled that his claims were untimely under K.S.A. 44-534(b) because the City revived the two-year time limit to apply for a hearing when it paid for his medical treatment in December 2015 and

5

January 2016. Schneider contends that the plain language of K.S.A. 44-534(b) supports his argument. Moreover, Schneider asserts that because in recent years our Supreme Court has consistently held that the plain language of the statute controls interpretation issues, the *Graham* decision is no longer good law.

The City counters that the uncontroverted evidence establishes that Schneider failed to timely file his applications for hearing for his 2008 or 2010 injuries. As it did below, the City asserts that Schneider's December 2015 and January 2016 visits to Dr. Fevurly could not revive the K.S.A. 44-534(b) statute of limitations because our Supreme Court's decision in *Graham* supports that workers compensation statute of limitations cannot be revived once they have expired. The City asserts that under Schneider's interpretation of K.S.A. 44-534(b), the two-year statute of limitations for filing an application for hearing would never really run.

As a preliminary note, the City also briefly asserts that "[t]he uncontroverted evidence in the administrative record does not support that the examination and treatment of Dr. Fevurly in 2015 and 2016 were payment of compensation for the 2008 and 2010 injuries." The City contends that each of Schneider's appointments were for "acute exacerbation symptoms which the claimant indicated occurred on January 14, 2016." This argument, however, is patently meritless because Dr. Fevurly testified that the injuries Schneider presented related to his 2008 and 2010 injuries. Dr. Fevurly merely explained that Schneider's January 29, 2016 appointment also related to an acute aggravation of his injury, which occurred on January 14, 2016.

Turning to our standard of review, we exercise unlimited review when considering the Board's interpretation of a workers compensation statute:

> "Final orders of the Board are subject to review under the Kansas Judicial
> Review Act, K.S.A. 77-601 *et seq*. K.S.A. [] 44-556(a). The standard of review will vary

6

depending on the issue raised. See K.S.A. [] 77-621. This court may grant relief if we determine that the agency erroneously interpreted or applied the law. K.S.A. [] 77-621(c)(4). That issue is reviewed de novo. [Citation omitted.] Moreover, we need not give deference to an agency's interpretation of a statute; rather, we exercise unlimited review. [Citation omitted.]" *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013).

When analyzing a workers compensation statute, like any other statute, "[t]he most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained." *Bergstrom v. Spears Mfg. Co.*, 289 Kan. 605, 607, 214 P.3d 676 (2009). We presume that the Legislature "expressed its intent through the language of the statutory scheme, and when a statute is plain and unambiguous, the court must give effect to the legislative intention as expressed in the statutory language." 289 Kan. at 607. Moreover, when interpreting the plain language of a statute, we must refrain from reading language into the statute that is not readily found therein. 289 Kan. at 607-08.

This case involves two statutes—K.S.A. 44-520a and K.S.A. 44-534. The Legislature enacted K.S.A. 44-520a—the statute of limitations for filing a written claim—in 1927. L. 1927, ch. 232, § 20. Because "[t]he statute in effect at the time of the claimant's injury governs the rights and obligations of the parties," we must consider K.S.A. 44-520a, the statute in effect in 2008 and 2010 when Schneider had his work accidents. *Rogers v. ALT-A&M JV*, 52 Kan. App. 2d 213, 216, 364 P.3d 1206 (2015). When Schneider had his 2008 and 2010 work accidents, the statute of limitations provision of K.S.A. 44-520a read as follows:

"(a) No proceedings for compensation shall be maintainable under the workmen's compensation act unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or his duly authorized agent, or by delivering such written claim to him by registered or certified mail within two hundred (200) days after the date of the accident, or in cases where compensation payments have

been suspended within two hundred (200) days after the date of the last payment of compensation; or within one (1) year after the death of the injured employee if death results from the injury within five (5) years after the date of such accident."

Effective May 15, 2011, the Legislature repealed K.S.A. 44-520a. L. 2011, ch. 55, § 29.

The Legislature enacted the statute of limitations provision of K.S.A. 44-534 in 1974. L. 1974, ch. 203, § 33. When Schneider had his 2008 and 2010 work accidents, the statute of limitations provision of K.S.A. 44-534(b) stated:

"(b) No proceeding for compensation shall be maintained under the workers compensation act unless an application for a hearing is on file in the office of the director within three years of the date of the accident or within two years of the date of the last payment of compensation, whichever is later."

Thus, from 1974 when the Legislature enacted the application of hearing statute of limitations under K.S.A. 44-534(b) until 2011 when the Legislature repealed the written claim statute of limitations under K.S.A. 44-520a, workers seeking benefits under the Act had to meet two statutes of limitations requirements:  (1) those for the written claim, and (2) those for the application for hearing. See *Childress v. Childress Painting Co.*, 226 Kan. 251, Syl. ¶ 1, 597 P.2d 637 (1979).

Before the Legislature enacted the statute of limitations requirements for filing an application for hearing, our Supreme Court considered whether the written claim statute of limitations could be revived. In *Graham*, a worker sustained an injury but filed no claim under the Act. Later, when his time to file a written claim under R.S. 1933 Supp. 44-520a had passed, he quit because of his injury. Then, his employer provided him compensation and paid for his medical treatment. After his employer's payments, the worker filed a written claim for compensation. The worker argued "that notwithstanding the fact the time had gone by within which he could file his claim for compensation, and

8

several months had elapsed, the fact his employer paid him something as compensation revived his lost right to file his claim and recover compensation." 143 Kan. at 975. Our Supreme Court rejected this argument because it determined that Graham's position was untenable. Thus, it held: "When the time provided by statute within which to file a claim for compensation has passed, the right to recover compensation under the statute is lost and cannot be revived by subsequent voluntary payments of compensation by the employer. We regard this as the proper interpretation of the statute . . . ." 143 Kan. at 975.

In the decades following the *Graham* decision, our Supreme Court has reaffirmed its holding that a statute of limitations cannot be revived by an employer's voluntary compensation once the time to file a claim has passed. Nevertheless, the most recent Supreme Court decision affirming the *Graham* holding was in 1957. Moreover, our Supreme Court has never applied the *Graham* holding to the statute of limitations in K.S.A. 44-534(b). See, e.g., *Rutledge v. Sandlin*, 181 Kan. 369, 372, 310 P.2d 950 (1957); *Solorio v. Wilson & Co.*, 161 Kan. 518, 521, 169 P.2d 822 (1946); *Pittman v. Glencliff Dairy Products Co.*, 154 Kan. 516, 517-18, 119 P.2d 470 (1941). All the same, the City asserts that the *Graham* holding is still good law and broad enough to be applicable to K.S.A. 44-534(b)'s statute of limitations provision.

A comparison of K.S.A. 44-520a(a)'s language and K.S.A. 44-534(b)'s language establishes that the statutes are similar. For example, both K.S.A. 44-520a(a) and K.S.A. 44-534(b) have different time limitations depending on the facts of a claimant's case. If the employer has never paid compensation, then the K.S.A. 44-520a(a) and K.S.A. 44-534(b) statute of limitations begin to run from the worker's date of accident. On the other hand, if an employer has previously paid compensation to the worker, then the K.S.A. 44-520a(a) and K.S.A. 44-534(b) statute of limitations begin to run from the employer's "last payment of compensation." K.S.A. 44-520a(a)'s and K.S.A. 44-534(b)'s comparable language would seemingly support the *Graham* holding: because K.S.A. 44-520a's time limitations did not revive upon an employer's voluntary payment of compensation to

9

Graham after the running of the statute of limitations, this reasoning should also be applicable to this court's analysis of the time limitations under K.S.A. 44-534(b).

Yet, Schneider argues that the plain language of K.S.A. 44-534(b) does not support the City's argument that the court should follow and adopt the *Graham* holding. He argues that under the plain language of K.S.A. 44-534(b), workers need only file their application for hearing within three years of their accident or within two years of their employer's last payment of compensation. Thus, if an employer were to make a payment of compensation after a worker's time to file an application for hearing had run, the time to file an application for hearing should be extended. Indeed, Schneider argues that nothing within the plain language of K.S.A. 44-534(b) prevented a revival of the statute of limitations when an employer made a payment of compensation. Finally, he argues that this court must refrain from reading language into a statute that is not within the statute. *Bergstrom*, 289 Kan. at 607-08.

In this case, the ALJ and the Board seemingly injected ambiguity into K.S.A. 44-534(b) when they grounded their decisions on the *Graham* rationale. For example, the ALJ ruled: "[W]hen the time provided by the statute within which to file a claim for compensation under the Act has passed, the right to recover compensation under the statute is lost and cannot be revived by subsequent voluntary payments of compensation by the employer." Based on the plain reading of K.S.A. 44-534(b), the ALJ's interpretation of this statute could only invite confusion.

Here, the Legislature chose the specific construction of K.S.A. 44-534(b). Once again, K.S.A. 44-534(b) states:

> "No proceeding for compensation shall be maintained under the workers
> compensation act unless an application for a hearing is on file in the office of the director

10

within three years of the date of the accident or within two years of the date of the last payment of compensation, whichever is later."

The Legislature was not constrained by any particular word choice or structure in drafting K.S.A. 44-534(b). Indeed, had the Legislature wanted to prevent workers from reviving the statute of limitations as the City argues, the Legislature could have easily included the following language after the above "whichever is later" language in K.S.A. 44-534(b): *however, if there is a gap of two years or more from the last payment of compensation, no proceeding will be maintained under the workers compensation act*. If the previously italicized language would have more clearly expressed what the Legislature was attempting to say under K.S.A. 44-534(b), the Legislature could have easily included this language in K.S.A. 44-534(b). Nevertheless, the Legislature included no such language in K.S.A. 44-534(b).

This court's first obligation is to determine if a statute has a clear meaning. If it does, then this court merely applies the language of the statute. Here, the language of K.S.A. 44-534(b) is clear and unambiguous. As a result, this court is required to apply K.S.A. 44-534(b) as written.

Even so, the City contends that Schneider has overemphasized the part of the statute that "indicates that the claimant has two years from the last payment of compensation to file an application for hearing and read that [language] to allow revival of a claim which is time barred." The City asserts that although "there is no doubt that the first canon of interpretation of a statute is that you give plain meaning to the language in the statute," this court "cannot lose sight of the other canons of interpretation, such as the statutory provision should be read with reference to the whole act." But the City's argument fails for three reasons.

11

First, the City ignores that this court does not resort to the canons of statutory construction if the language of the statute is plain and unambiguous. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). Thus, because the plain and unambiguous language of K.S.A. 44-534(b) does not prevent revival, this court has no authority to resort to the canons of statutory construction. Second, the City asserts that under Schneider's interpretation of K.S.A. 44-534(b), the statute of limitations of an injury could always be revived upon an employer's payment of compensation. The City believes that this is unfair. The question of whether revival of the statute of limitations is unfair, however, is a policy issue. The Legislature decides policy, not the courts. *Phillips v. St. Paul Fire & Marine Ins. Co.*, 289 Kan. 521, 527, 213 P.3d 1066 (2009). Third, in making its argument, the City implicitly concedes that revival could occur under the plain language of the statute: (1) by agreeing that K.S.A. 44-534(b) "indicates" that a worker has two years to file an application for hearing following an employer's last payment of compensation without any other conditions; (2) by asserting that this court should focus on the canons of statutory construction even though the "first canon of interpretation of a statute is that you give plain meaning to the language of the statute."

Most importantly, the City's argument undervalues the changes our Supreme Court has made regarding statutory interpretation. As stressed by Schneider, as well as the Board's hesitancy to affirm the ALJ's decision, our Supreme Court has consistently held that the plain language of a statute controls how courts must interpret that statute. For example in *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, 525, 154 P.3d 494 (2007), our Supreme Court reversed a 76-year-old case—*Honn v. Elliott*, 132 Kan. 454, 295 P. 719 (1931)—which had held that the loss of "both eyes, both hands, both arms, both feet, or both legs or any combination thereof" necessarily constituted a permanent total disability. The *Casco* court held that the "*Honn* court's interpretation of [K.S.A. 44-510c] did not follow a key tenet of statutory construction—courts cannot add something to a statute that is not readily found in the language of the statute." 283 Kan. at 525. Furthermore, in *Bergstrom*, our Supreme Court reversed this court's decision in *Foulk v. Colonial*

12

*Terrace*, 20 Kan. App. 2d 277, 284, 887 P.2d 140 (1994), 15 years after denying review because it determined that this court read language into "K.S.A. 44-510e(a) that require[d] an injured worker to make a good-faith effort to seek out and accept alternate employment." *Bergstrom*, 289 Kan. at 609.

In short, our Supreme Court decided *Graham* 82 years ago. When our Supreme Court decided *Graham*, our Supreme Court cited to the previous version of K.S.A. 44-520a. Next, our Supreme Court rejected Graham's position about revival. 143 Kan. at 975. The *Graham* court then reached its holding that after the statute of limitations under 44-520a had run, the statute of limitations could not be revived by an employer's voluntary payment of compensation. 143 Kan. at 975. In reaching its holding, the *Graham* court wrote an unstated statutory purpose into 44-520a: "When the time provided by statute within which to file a claim for compensation has passed, the right to recover compensation under the statute is lost and cannot be revived by subsequent voluntary payments of compensation by the employer. We regard this as the proper interpretation of the statute . . . ." 143 Kan. at 975. Nevertheless, there is no such language or statutory condition stated in K.S.A. 44-520a.

Moreover, in rejecting Graham's argument that the statute of limitations could not be revived, the *Graham* court conditioned its holding on the employer's *voluntary payment of compensation*. Nevertheless, there is nothing in the statutory language of K.S.A. 44-520a or K.S.A. 44-534(b) containing the wording "voluntary payment of compensation." This wording is absent from both K.S.A. 44-520a and K.S.A. 44-534(b). In fact, both K.S.A. 44-520a and K.S.A. 44-534(b) contain the words "the date of the last payment of compensation." Thus, under the statutory language of these two statutes, the last payment does not have to be a voluntary payment by the employer. In essence, the *Graham* court rewrote the plain language of 44-520a to validate its holding. As a result, it is readily apparent that the *Graham* court did not apply the plain language of 44-520a— the very thing our Supreme Court now requires.

13

This court is duty bound to follow our Supreme Court precedent absent some indication that our Supreme Court is departing from its previous position. *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015). Here, the *Graham* court's failure to interpret the plain language of 44-520a, combined with our Supreme Court's current position that the plain and unambiguous language controls this court's interpretation of K.S.A. 44-534(b), establishes that the *Graham* holding is no longer good law.

In summary, the plain and unambiguous language of K.S.A. 44-534(b) supports our conclusion that a worker's time to file an application for hearing may be revived upon an employer's payment of compensation after the statute of limitations to file an application for hearing has run. The City's arguments rejecting this interpretation of K.S.A. 44-534(b) are flawed for the following reasons: (1) it ignores the rules of statutory construction, (2) it ignores that the Legislature creates policy, (3) it implicitly concedes that revival can occur under the plain language of K.S.A. 44-534(b), and (4) its interpretation of K.S.A. 44-534(b) is at variance with the plain meaning of this statute.

As a result, the Board erred when it concluded that an employer could not revive the two-year statute of limitations when it made a payment of compensation to an injured worker after the time for the injured worker to file a timely application for hearing had run. Here, because Schneider received compensation from the City in December 2015 and in January 2016 and because he filed his applications for hearings in January 2016, his applications under the revived two-year statute of limitations were timely. Thus, we reverse and remand to the Board for further proceedings consistent with this opinion.

Reversed and remanded with directions.

14